140 So.2d 883 (1962)
Albert A. PASS, Appellant,
v.
Rubin FRIEDMAN et al., Appellees.
Gerald Clifford FREWER, Appellant,
v.
Rubin FRIEDMAN et al., Appellees.
Nos. 61-480, 61-481.
District Court of Appeal of Florida. Third District.
May 8, 1962.
Rehearing Denied May 28, 1962.
*884 Langer, Alvin & Kramer and Frederick O. Scheske, Miami, for Albert A. Pass.
Schlissel & Scher, Miami Beach, Ronald Eefting, Miami, for Gerald Clifford Frewer.
Fowler, White, Gillen, Humkey & Trenam and Henry Burnett, Miami, for Rubin Friedman.
Blackwell, Walker & Gray, Miami, for Lawrence C. Bates.
Before PEARSON, TILLMAN, C.J., and BARKDULL and HENDRY, JJ.
HENDRY, Judge.
These appeals were argued together and this opinion shall be determinative of both such appeals.
The appeals are from a summary final judgment entered in favor of the defendant, Friedman.
On January 31, 1960, at approximately 8:45 P.M., defendant, Friedman was operating his car in an easterly direction on a causeway between Miami and Miami Beach, Florida. After crossing the crest of the bridge, defendant, Friedman stopped his car in the lane nearest the center divider of the causeway to repair a flat tire. The car was brought to a stop at a distance of more than five hundred feet beyond the crest of the bridge and remained there for approximately one-half hour before the four-car accident in question. During this time, Friedman went to a service station for assistance. The lights of the disabled vehicle were left on and the record reveals that, prior to the accident, Friedman's car was visible to cars traveling the easterly route over the causeway.
The accident occurred shortly after cars driven by Lawrence Bates and the plaintiff, Pass were brought to a stop behind Friedman's car because the lane in which they were traveling was blocked by the disabled car. The Pass' car (car #3) then collided with the Bates' car (car #2) when hit from behind by the car driven by the cross-plaintiff, Frewer (car #4).
On July, 1960, Pass (car #3) filed his complaint for damages against Friedman (car #1) and Frewer (car #4) alleging negligence on the part of the defendants in causing the four-car collision. On December 8, 1960, the defendant, Frewer, interalia, cross-claimed for damages against the defendant Friedman alleging that the latter was negligent in causing the accident in question. Subsequently, the cause was transferred to the circuit court and, after a hearing on the defendant, Friedman's motion for summary judgment which motion had attached thereto the affidavit of Lawrence Bates (car #2), the circuit court entered a summary final judgment in favor of the defendant, Friedman (car #1) and against the plaintiff and cross-claimant.
We have carefully reviewed the record and we find that we must affirm the judgment appealed.
Summary judgment is proper where there remains no genuine issue as to any *885 material fact and where the moving party is entitled to a judgment as a matter of law. Ryan v. Unity, Inc., Fla. 1951, 55 So.2d 117; Clark v. City of Atlantic Beach, Fla.App. 1960, 124 So.2d 305.
The instant case presents no triable issue for the jury. All the facts are clear and the trial judge correctly decided that the defendant was entitled to judgment as a matter of law.
Affirmed.