PER CURIAM.
Plaintiff, Nuno, appeals from a summary final judgment rendered for defendants Barry Edward Balz and his insurance company.
Florida Highway Patrolman, Marshall, was an eyewitness to the accident which resulted in the negligence complaint filed by Nuno. Marshall was traveling east on the Julia-Tuttle Causeway in the middle lane when he observed a Plymouth station wagon driven by defendant Balz. The station wagon was headed in an easterly direction but was backing up on the causeway. It was approximately 150 to 200 feet in front of Marshall’s patrol car and was backing from the middle lane into the extreme left-hand lane because some aluminum ducts had dropped from it into that lane. The aluminum ducts had been attached to the top of the station wagon.
At about the same time that Marshall observed the station wagon, he saw a 1968 Chevrolet automobile driven by Savarese which had come to a complete stop in the *715 middle lane of the causeway. The Sa-varese car was also approximately 150 to 200 feet ahead of the Marshall vehicle. The station wagon being backed by Balz was either parallel or slightly behind the Savarese Chevrolet which was stopped in the middle lane. The Balz vehicle was in the left-hand lane when Marshall turned on the blue light on top of his Florida Highway Patrol car and the emergency flashers which kept his tail lights flashing on and off. Marshall pulled his patrol car into the left lane between the ducting and the station wagon being driven by Balz. At this time he observed plaintiff Nuno in a 1964 Opal automobile traveling east in the middle lane of the Julia-Tuttle Causeway. Tropper Marshall was in a stopped position and observed Mrs. Nuno driving at a speed of between 40 and 50 m.p.h. and testified she had her head turned to the left at a 90° angle and was looking straight at him as she passed his stoppped patrol car. He could not tell where she was looking at the time she ran into the rear end of the Savarese vehicle. He was unable to detect any change in the speed of the Opal automobile driven by Nuno from the time it passed him until time of the impact. Within approximately 10 to 30 seconds after thí Nuno vehicle collided with the stopped Savarese vehicle an automobile owned by one Bodnar and driven by one Spiro ran into the rear end of the Nuno vehicle.
Nuno testified, on deposition, that when she first observed the patrol car and the Balz station wagon stopped in the left-hand lane, she was at the top of an incline about a block away and could “see from the distance what is going on down it”, At this time she was in the left-hand lane, and upon observing the stopped vehicles, changed to the middle lane. Nuno stated that the police car did not have any emergency lights burning. She said that she was traveling at a speed of 35-40 m. p. h., and as she passed the police car she slowed down to about 20 m. p. h. and looked at the policeman “to see what he was doing sitting in the car”. After passing the police car, she saw the Savarese vehicle suddenly stop in front of her in the middle lane; she applied her brakes and collided with the rear of Savarese’s car.
While the actions of Balz may have been negligent, it also appears the actions of Nuno amounted to contributory negligence as a matter of law. It is obvious that Sa-varese observed the actions of Balz in sufficient time in which to stop his automobile and that Trooper Marshall observed the activity of Balz and Savarese in time to stop his patrol car and to pull from the middle lane into the left lane and to turn on his flashing tail lights and overhead light. If Nuno had been sufficiently observant of the critical situation which existed as a result of the activities of Balz, Savarese and Trooper Marshall, she would have had her car under sufficient control in order to stop without colliding with the rear end of the Savarese vehicle.
We, therefore, affirm the entry of the summary judgment heretofore rendered in this cause. See Pass v. Friedman, Fla.App. 1962, 140 So.2d 883; and Parker v. Hyndman, Fla.App. 1968, 207 So.2d 39.
Affirmed.