362 So.2d 960 (1978)
John GIBSON, Appellant,
v.
AVIS RENT-A-CAR SYSTEM, INC., and Frank Arata, Jr., Appellees.
No. 77-1150.
District Court of Appeal of Florida, Third District.
August 22, 1978.
Rehearing Denied October 18, 1978.
*961 Richard Baron, Miami, for appellant.
Robert L. Dube, Richard M. Gale, Miami, for appellees.
Before HENDRY, J., GOMEZ, HELIO, Associate Judge, and CHARLES CARROLL (Ret.), Associate Judge.
HENDRY, Judge.
Appellant/plaintiff appeals from a directed verdict rendered in favor of appellees/defendants in an action for personal injuries stemming from an automobile accident. We affirm.
Appellee stopped his automobile in a traffic lane on Interstate 95 in Dade County. There was testimony to the effect that appellee was intoxicated at the time. A second vehicle driven by a Mr. Curtis stopped short behind appellee, avoiding contact with appellee's vehicle. Curtis alighted from his auto and began directing traffic around the two vehicles. Shortly thereafter, appellant approached the scene and, viewing the situation, applied his brakes. Appellant's auto came to a halt short of the Curtis vehicle. Almost simultaneously, a fourth vehicle driven by co-defendant McNealy struck appellant's auto, pushing it into the Curtis vehicle. Appellant's vehicle was severely damaged (totaled) and he sustained injuries permanent in nature.
Subsequent to the filing of a personal injury lawsuit against appellee, McNealy and their respective insurers, the case proceeded to jury trial. At the close of appellant's case, both defendants and their insurers moved for a directed verdict. Appellees' motion was granted while McNealy and his insured's motion was denied. The trial judge based the directed verdict upon the theory that the fourth car driven by McNealy represented an efficient intervening cause insulating the negligent appellee from liability. We agree with the trial judge's reasoning.
At trial, co-defendant McNealy testified that he saw the stopped vehicles approximately two hundred yards ahead. Though the nighttime conditions were not ideal for visibility, it is apparent that had McNealy been driving cautiously, maintaining the proper distance between his vehicle and appellant's vehicle and watching the road ahead, no accident would have occurred. McNealy had more than enough time to avoid an accident (as other automobiles had done) by changing lanes and his negligence on the road amounted to an efficient intervening cause relieving appellees of liability. Nuno v. Balz, 255 So.2d 714 (Fla. 3d DCA 1971); Pass v. Friedman, 140 So.2d 883 (Fla. 3d DCA 1962); compare Railway Express Agency, Inc. v. Garland, 269 So.2d 708 (Fla. 1st DCA 1972), wherein the original tortfeasor's act actually produced the second act of negligence.
Accordingly, the final judgment entered in accordance with the directed verdict is affirmed.
Affirmed.
*962 CARROLL (Ret.), Associate Judge (concurring in part and dissenting in part).
I concur in the affirmance of the denial of motion for directed verdict as to the defendant McNealy, but respectfully dissent from the affirmance of the grant of directed verdict as to the defendant Arata.
If defendant Arata (in the first car) was negligent, and he was so regarded by the trial court and this court, he is liable for the ultimate injury and loss of the plaintiff (in the third car) resulting from the latter being rear-ended by McNealy (in the fourth car), even though McNealy also was negligent. Arata's negligent stop on the expressway created a situation in which it was reasonably foreseeable that his car or a car which was required to stop behind him would be struck from the rear.
This court, applying the doctrine of last clear chance, has concluded that on the evidence the number four driver had a last clear chance to avoid the rear-end collision, and that thereby the negligence of the number one driver is wholly to be eliminated.
Giving regard to the rule of comparative negligence [Hoffman v. Jones, 280 So.2d 431 (Fla. 1973)], two questions arise. The first is whether the doctrine of last clear chance survives. In my view it does, since it is a basis for determining proximate cause. The second is as to the effect thereof on liability of two negligent defendants where one has a last clear chance. Referring here to the driver of the first car as defendant A, and the driver of the fourth car as defendant B, if A's negligence created the dangerous situation and B then negligently ran into the stopped cars, would the fact that the circumstances confronting B were such that he could and should have avoided collision operate to absolve A of his negligence, or operate only to tilt the scales of negligence heavily against B, in the determination of the comparative degrees or percentages of their negligence, for purposes of contribution between them, leaving the plaintiff entitled to recover against both A and B. See Lincenberg v. Issen, 318 So.2d 386, 393-394 (Fla. 1975).
Whether the negligence of one or the other of said defendants was the sole proximate cause of the plaintiff's injury and loss, or whether the negligence of each combined to constitute proximate cause was a question for determination by the jury.
In my view, it was error to grant a directed verdict in favor of the defendant Arata.