371 So.2d 698 (1979)
Ignacio CRUZ, a Minor, by and through His Mother, Natural Guardian and Next Friend, Gladys Cruz and Gladys Cruz, Individually, Appellants,
v.
Opie HUNDLEY, Hialeah Church of Christ, a Florida Corporation and Preferred Risk Mutual Insurance Company, a Foreign Corporation, Appellees.
No. 78-1606.
District Court of Appeal of Florida, Third District.
June 5, 1979.
Deutsch & Blumberg, High, Stack, Lazenby & Bender and Alan R. Dakan, Miami, for appellants.
McCormick, Bedford & Backmeyer and Gerald L. Bedford, Miami, for appellees.
Before PEARSON, HENDRY and KEHOE, JJ.
*699 PEARSON, Judge.
Plaintiff Ignacio Cruz (a minor) and his mother appeal a final judgment for the appellees, entered on a directed verdict at the conclusion of the plaintiffs' evidence.
The issue before us is whether the plaintiffs presented evidence which, together with all reasonable inferences thereon, could have formed a basis for a jury finding that the defendants were negligent. We take it that the established law need not be elaborated upon and that it is clear that our decision in this case is based on a holding that the trial court cannot direct a verdict unless it is shown that there is no evidence whatsoever adduced that could support a verdict for the party opposing the motion. See Moore v. Dietrich, 133 Fla. 809, 183 So. 2 (1938); and Paikin v. Beach Cabs, Inc., 187 So.2d 93 (Fla. 3d DCA 1966), and cases cited therein.
Without setting forth all of the factual considerations in this case, we point out that the record, taken in the light most favorable to the plaintiffs, shows that on the Sunday in question, the defendants were operating a vehicle transporting children home from church. The vehicle was an old school-type bus, painted as such, equipped with flasher lights to warn motorists when children were being discharged.[1] On this particular day, the flasher lights were not operating and the driver had knowledge of this defect. The minor plaintiff (10 years of age) was discharged in front of his home where it was necessary for him to cross the street.[2] As was his custom in getting off school buses, he crossed the street in front of the bus. On this occasion, however, he was struck by a passing automobile. There was also evidence that the bus was parked somewhat at an angle so that the child's vision was partially obscured as he crossed the street.
It is agreed by the parties that the defendants were not common carriers. Nevertheless, as transporters of children, they did owe a duty of reasonable care to the children they transported. See McClure v. Johnson, 50 Ariz. 76, 69 P.2d 572, 578 (1937); and see Jablinsky v. Continental Pacific Lines, Inc., 58 Wash.2d 702, 364 P.2d 793 (1961).
We hold that under the circumstances set out above, there was evidence before the jury upon which a finding of negligence could have been made and, therefore, that the direction of the verdict for the defendants was error.
Defendants argue in their brief that one of the plaintiffs' witnesses testified that the passing car which struck the minor plaintiff ran a stop sign and behaved in an erratic manner and, therefore, that the directed verdict is sustainable upon the theory that there was an intervening cause to the accident other than the defendants' negligence, if any. Under the circumstances of this case, the question of intervening cause is for the jury. See Vining v. Avis Rent-A-Car Systems, Inc., 354 So.2d 54 (Fla. 1977).
The judgment is reversed and the cause remanded for further proceedings.
NOTES
[1] See § 316.172, Fla. Stat. (1977).
[2] Testimony indicated that on prior Sundays, the bus sometimes stopped in front of the home of the plaintiffs, and sometimes across the street. Testimony also indicated that one of the adults on the bus ordinarily assisted the younger children across the street, but because of his age, the plaintiff had not previously been assisted.