386 So.2d 520 (1980)
John GIBSON, Petitioner,
v.
AVIS RENT-A-CAR SYSTEM, INC., et al., Respondents.
No. 55553.
Supreme Court of Florida.
May 15, 1980.
Rehearing Denied August 28, 1980.
*521 B.K. Roberts of Roberts, Miller, Bagget, LaFace, Richard & Wiser, Tallahassee, and Richard Baron of Corrigan, Baron & Zelman, Miami, for petitioner.
Robert L. Dube and Richard M. Gale, Miami, for respondents.
BOYD, Justice.
This cause is before the Court on petition for certiorari to review a district court decision affirming the trial court's order directing a verdict for the respondents. Gibson v. Avis Rent-A-Car System, Inc., 362 So.2d 960 (Fla. 3d DCA 1978). For the reasons given in the discussion to follow we have determined that the district court's decision creates conflict giving us jurisdiction under article V, section 3(b)(3), Florida Constitution.
The petitioner Gibson sued the respondents for damages resulting from a multiple car collision on an interstate highway. Defendant Arata, while intoxicated, stopped his automobile for no apparent reason in one of the inner lanes of the divided highway. A second car stopped behind him; the driver got out and began directing traffic around the two cars. Seeing the stationary cars and the second driver, petitioner Gibson managed to bring his car to a halt a few feet from the second car. He was immediately struck from behind by a fourth vehicle driven by codefendant McNealy. The force of the impact propelled Gibson's car into the second car.
Gibson sued Arata, McNealy, and Avis Rent-A-Car System, Inc., the owner of the car operated by Arata. After the plaintiff presented his case to the jury, the defendants moved for directed verdict. The court granted the motion as to respondents Arata and Avis and denied McNealy's, holding that McNealy's negligence was an efficient intervening cause of petitioner's damages. Gibson and McNealy settled their dispute and Gibson appealed the ruling as it applied to Arata and Avis. The district court affirmed, citing Nuno v. Balz, 255 So.2d 714 (Fla. 3d DCA 1971) cert. dismissed 265 So.2d 10 (Fla. 1972), and Pass v. Friedman, 140 So.2d 883 (Fla. 3d DCA 1962) cert. denied 146 So.2d 752 (Fla. 1962).
This Court has certiorari jurisdiction based on conflict when a district court of appeal misapplies the law by relying on a decision which involves a situation materially at variance with the one under review. Wale v. Barnes, 278 So.2d 601 (Fla. 1972); Arlt v. Buchanan, 190 So.2d 575 (Fla. 1966).
The district court here relied on Pass v. Friedman, which involved a multiple car collision where the plaintiff was the driver of the third car and sued the drivers of the first car which was stopped on the highway and the fourth car which struck him from behind. The defendant driver of the stopped car had a flat tire and left his lights on. Half an hour passed before the collision. The trial court granted him summary judgment and the district court of appeal affirmed on the ground that, as a matter of law, the driver was not negligent. Arata's conduct here was different; here the issue is not whether Arata was negligent but whether McNealy's conduct was an efficient intervening cause breaking the chain of causation between Arata's negligence and the petitioner's damages. The court below relied on a case with facts materially distinguishable from those of the case at bar and thus misapplied the law.
*522 The district court also relied on Nuno v. Balz, which upheld a summary judgment for the defendant on the ground of the plaintiff's contributory negligence. This Court abolished the doctrine that contributory negligence of a plaintiff precludes recovery in Hoffman v. Jones, 280 So.2d 431 (Fla. 1973). Conflict certiorari jurisdiction exists when a district court relies on a decision that has been overruled by this Court. Giannini Controls Corp. v. Eubanks, 190 So.2d 171 (Fla. 1966).
The issue we must decide is whether the trial court erred in finding that as a matter of law McNealy's negligence was an intervening cause relieving the respondents of liability.
Gibson in bringing his action alleged that Arata's negligent conduct partially caused his damages. A person who has been negligent, however, is not liable for the damages suffered by another when some separate force or action is "the active and efficient intervening cause," National Airlines, Inc. v. Edwards, 336 So.2d 545, 547 (Fla. 1976); Kwoka v. Campbell, 296 So.2d 629 (Fla. 3d DCA 1974) cert. denied 304 So.2d 450 (Fla. 1974), the "sole proximate cause," Atlantic Coast Line R. Co. v. Ponds, 156 So.2d 781, 784 (Fla. 2d DCA 1963); accord, 349 So.2d 1187 (Fla. 1977), or an "independent" cause. Nicholas v. Miami Burglar Alarm Co., 339 So.2d 175, 177 (Fla. 1976); Tuz v. Burmeister, 254 So.2d 569 (Fla. 1st DCA 1971) cert. denied 260 So.2d 514 (Fla. 1972).
On the other hand, one who is negligent is not absolved of liability when his conduct "sets in motion" a chain of events resulting in injury to the plaintiff. Sardell v. Malanio, 202 So.2d 746, 747 (Fla. 1967); Loftin v. McCrainie, 47 So.2d 298, 302 (Fla. 1950). The court below based its ruling on the rationale that Arata's negligence did not cause or produce McNealy's negligence, and that the latter's negligence was "an efficient intervening cause" relieving Arata of liability. Gibson v. Avis Rent-A-Car System, Inc., 362 So.2d at 961.
While the holding of the courts below that McNealy's conduct was the sole cause may be seen as correct from the standpoint of physical causation, the question of whether to absolve a negligent actor of liability is more a question of responsibility. W. Prosser, Law of Torts, § 44 (4th Ed. 1971); L. Green, Rationale of Proximate Cause, 14270 (1927); Comment, 1960 Duke L.J. 88 (1960). If an intervening cause is foreseeable the original negligent actor may still be held liable. The question of whether an intervening cause is foreseeable is for the trier of fact. Vining v. Avis Rent-A-Car Systems, Inc., 354 So.2d 54 (Fla. 1977); Exchange Bank of St. Augustine v. Florida Nat'l Bank of Jacksonville, 292 So.2d 361 (Fla. 1974); Cruz v. Hundley, 371 So.2d 698 (Fla. 3d DCA 1979); Railway Express Agency, Inc. v. Garland, 269 So.2d 708 (Fla. 1st DCA 1972) cert. denied 275 So.2d 14 (Fla. 1973); Savarese v. Hill, 128 So.2d 775 (Fla. 3d DCA 1961).
Another way of stating the question whether the intervening cause was foreseeable is to ask whether the harm that occurred was within the scope of the danger attributable to the defendant's negligent conduct. A person who creates a dangerous situation may be deemed negligent because he violates a duty of care. The dangerous situation so created may result in a particular type of harm. The question whether the harm that occurs was within the scope of the risk created by the defendant's conduct may be answered in a number of ways.
First, the legislature may specify the type of harm for which a tortfeasor is liable. See Vining v. Avis Rent-A-Car, above; Concord Florida, Inc. v. Lewin, 341 So.2d 242 (Fla. 3d DCA 1976) cert. denied 348 So.2d 946 (Fla. 1977). Second, it may be shown that the particular defendant had actual knowledge that the same type of harm has resulted in the past from the same type of negligent conduct. See Homan v. County of Dade, 248 So.2d 235 (Fla. 3d DCA 1971). Finally, there is the type of harm that has so frequently resulted from the same type of negligence that "`in the field of human experience' the same type of *523 result may be expected again." Pinkerton-Hays Lumber Co. v. Pope, 127 So.2d 441, 443 (Fla. 1961) (emphasis in original).
We find that the third method of establishing the scope of risk is applicable to this case. Arata's stopping his car in the middle of an interstate highway is the type of negligence which "in the field of human experience" may result in the type of harm that occurred here. In this day of multilane freeways and fifty-five mile per hour speed limits, a reasonable person would have to conclude that stopping a car in the middle of an interstate creates a risk that other cars may collide as a result of trying to avoid hitting the stopped vehicle. In fact, the courts of this state have been confronted with such a situation several times. E.g., Davis v. Sobik's Sandwich Shops, Inc., 351 So.2d 17 (Fla. 1977); Johnson v. Stroud, 189 So.2d 206 (Fla. 2d DCA 1966) cert. denied 195 So.2d 565 (Fla. 1966); Haislet v. Crowley, 170 So.2d 88 (Fla. 2d DCA 1964); Pass v. Friedman, 140 So.2d 883 (Fla. 3d DCA 1962) cert. denied 146 So.2d 752 (Fla. 1962). In such multiple car accidents the jury may find more than one driver responsible. Davis v. Sobik's Sandwich Shops, Inc.; Johnson v. Stroud.
We therefore quash the district court of appeal's decision and remand this case with instructions that it be sent back to the circuit court for further proceedings consistent with this opinion.
It is so ordered.
ADKINS, ALDERMAN and McDONALD, JJ., concur.
ENGLAND, C.J., and OVERTON and SUNDBERG, JJ., would discharge the writ of certiorari as having been improvidently granted because of the absence of direct conflict between this decision and the decisions asserted as creating conflict jurisdiction.