399 So.2d 417 (1981)
Glenn K. BRYANT and LeRoy Bryant, Appellants,
v.
The SCHOOL BOARD OF DUVAL COUNTY, FLORIDA, a Body Corporate, Robert E. Rupp and Roy R. Stasco, Appellees.
No. OO-399.
District Court of Appeal of Florida, First District.
June 3, 1981.
*419 William M. Howell of Howell, Liles, Braddock & Milton, Jacksonville, for appellants.
Noah Jenerette, Jr. and Carle A. Felton, Jr. of Boyd, Jenerette, Leemis & Staas, William G. Cooper and John F. MacLennon of Kent, Watts, Durden, Kent & Mickler, Jacksonville, for appellees.
ERVIN, Judge.
The issue before us is whether appellants' amended complaint sufficiently alleged negligence on the part of appellees so as to avoid an order of dismissal. Because the case involves allegations against a governmental employer, we are also called upon to analyze the effect of certain 1980 amendments to Florida's sovereign immunity law on pending and future cases relating to pleading, and to pending cases relating to joinder of parties, the parties' rights of access to the courts, and their vested rights to maintain a suit. The latter three areas are all constitutional in nature.
Appellants Glenn and LeRoy Bryant seek reversal of a final judgment dismissing their amended complaint with prejudice. We agree with their contentions, and reverse and remand with directions.
The pleadings reveal that a group of students were permitted by defendants to organize a club, known as the Omega Club. *420 The club, like all other clubs at Forrest High School in Jacksonville, had to obtain Principal Stasco's approval for any outings held outside school hours and, according to school regulations, it was prohibited from hazing prospective members at initiation ceremonies, and was required to have a faculty member present at all the club activities and meetings. Appellee Rupp was assigned as the faculty advisor for the Omega Club, which allegedly had a well-known reputation for conducting activities that violated school board regulations, such as consumption of alcoholic beverages. As a result of this reputation, it was alleged that the school was required to monitor closely the club's activities.
One evening in October, 1975, club members held a meeting at the school to plan an initiation ceremony. Rupp knew that the meeting was going to be held, but for reasons unknown, he did not attend. As part of initiation, the club members decided to conduct a hazing ceremony. Rupp did not attend the hazing/initiation ceremony, but Glenn Bryant, a student and prospective member, did. During the hazing, he incurred an injury resulting in the severance of his spinal cord. This caused a permanent paralysis from the neck down.[1] Glenn, and his father, LeRoy Bryant, filed suit against the School Board, and its agents Stasco and Rupp, grounded on claims of negligence.[2]
The complaint's first two counts allege that the school board, through its two agents, were guilty of simple negligence. The appellants predicate their theory of negligence upon the board's policy, expressed in its duly adopted rules, that no outing could occur without permission of the school principal, and if it occurred, it had to be attended by a faculty adviser. Appellants have alleged that Rupp knew of the club's reputation, the planning session, the initiation, and the planned hazing ceremony. Assuming these facts to be true, the school board and its agents had a duty to execute and implement board policy without negligence. Hollis v. School Board of Leon County, 384 So.2d 661, 666 (Fla. 1st DCA 1980). See also Padgett v. The School Board of Escambia County, 395 So.2d 584 (Fla. 1st DCA 1981). By failing to carry out this duty, appellees could conceivably be deemed negligent. They permitted a chain of events to be set in motion which allegedly culminated in Bryant's injury.
However, any analysis of a negligence action is not complete without considering the issue of causation. To be liable, appellee's actions must be deemed by law to be the proximate cause of Bryant's injuries. "The proximate cause of an injury is that cause which, in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred." Pope v. Pinkerton-Hays Lumber Company, 120 So.2d 227, 229 (Fla. 1st DCA 1960), cert. denied, 127 So.2d 441 (Fla. 1961); see also, Fellows v. Citizens Federal Savings and Loan Association of St. Lucie County, 383 So.2d 1140 (Fla. 4th DCA 1980). The Board, Rupp and Stasco moved for dismissal on a number of grounds, one of which was the causation issue. Defendants below argued that Bryant's injuries were the result of an intervening cause, the actions of certain club members at the outing. As noted in Gibson v. Avis Rent-A-Car System, Inc., 386 So.2d 520, 522 (Fla. 1980), a person, although negligent, is not liable for damages when a separate force or action is "`the active and inefficient intervening *421 cause.' ... the `sole proximate cause' ... or an `independent' cause." In this sense, "`an intervening force is one which comes into active operation in producing the result after the negligence of the defendant.' `Intervening' is used in a time sense... ." Pope, supra, at 230 (emphasis in original).
However, the original negligent actor may be liable if the intervening cause is foreseeable. Gibson, supra, at 522. If the harm that occurred is within the scope of the danger or risk attributable to defendant's negligent conduct, then it is deemed foreseeable. There are three ways in which the harm may fall within the scope of danger: First, the legislature may specify the type of harm. Id. Second, if the same type of harm has occurred previously due to the same type of negligent conduct, and the tortfeasor has actual knowledge of this, liability can be established. Gibson, supra, at 522. Third, liability can be made out if the negligence complained of has resulted in harm so frequently "`in the field of human experience'" that harm may be expected to happen again. Gibson, supra, at 522-523; see also, Pinkerton-Hays Lumber Company v. Pope, 127 So.2d 441 (Fla. 1961). Justice Cardozo has noted that foreseeable risks are risks reasonably to be perceived by the eye of vigilance. Palsgraf v. Long Island R. Co., 248 N.Y. 339, 162 N.E. 99 (1928).
Proximate cause and foreseeability are essential negligence principles that must be alleged. Bryant v. Jax Liquors, supra, fn. 1. We consider that the complaint sufficiently alleges these key points, based on the tests enumerated in Gibson, supra. The complaint alleged the known dangers of hazing and the free-wheeling manner in which the Omega Club members traditionally conducted themselves. It also alleged that the legislative voice for school affairs (the School Board) had adopted rules that provide a standard to which students are required to conform. Such allegations come within both the first and third methods by which a specified risk may be deemed foreseeable. See Gibson, supra, at 522. Foreseeability is the measuring stick by which proximate cause is determined. Vining v. Avis Rent-A-Car Systems, Inc., 354 So.2d 54, 55-56 (Fla. 1977). Therefore, unless reasonable men could not differ that the defendants' acts or omissions could not be the proximate cause, the issue is for the jury. Vining, supra, at 56; Railway Express Agency, Inc. v. Garland, 269 So.2d 708, 711 (Fla. 1st DCA 1972). Since there remains before us a question concerning what is the proximate cause of Glenn Bryant's injuries, this case must be remanded for further proceedings. J.M. Fields, Inc. v. Smuckler, 385 So.2d 124 (Fla.3d DCA 1980).
Count III of the complaint was directed against Rupp and Stasco in their individual capacities. It, like the first two counts against the Board, was apparently based upon "simple" or "ordinary" negligence, because the two individuals' acts were termed as being merely "careless". In determining the validity of this theory of negligence, two questions must be answered: (1) Is such a suit precluded by virtue of the 1980 amendments to the Florida Sovereign Immunity Act?, and (2) if not, should the action against the two agents in their individual capacities, alleging simple negligence, be severed from the remaining counts alleged?
In the closing hours of the 1980 legislative session, Section 768.28(9) was amended. See Laws of Florida, Chapter 80-271, § 1. The amendment bars any suit against a governmental employee either individually or in his official capacity, unless that employee has acted with a willful or wanton disregard of one's human rights, safety or property, or in bad faith, or with malicious purpose. The effect of the statute as amended is that the employee may only be sued in his individual capacity for willful and wanton conduct for which the governmental employer remains excused from liability. The amendment was made applicable to all actions pending before the trial or appellate courts on July 1, 1980, the effective date of the act. Laws of Florida, Chapter 80-271, § 4. Bryant argues that this revision usurps his right to sue appellees Rupp and Stasco for ordinary negligence, *422 which had become vested under the Florida Constitution of 1968, Article I, Section 9, since the suit was filed long before the statute was amended. Indeed, this right was explicitly recognized by District School Board of Lake County v. Talmadge, 381 So.2d 698 (Fla. 1980). Bryant argues also that the legislature has abolished his right to seek redress for an injury without providing a reasonable alternative in violation of the Florida Constitution of 1968, Article I, Section 21. See Kluger v. White, 281 So.2d 1 (Fla. 1973).[3]
Without addressing the question whether the statute bars Bryant's access to the courts, we agree with Bryant's argument that the statute's abolition of his right to sue Rupp and Stasco for ordinary negligence is unconstitutional since it affects rights which had become vested. See State of Florida, Department of Transportation v. Knowles, 388 So.2d 1045, 1047-1048 (Fla.2d DCA 1980). Although retroactive statutes are not necessarily invalid, they may become so if a vested right is adversely affected. Village of El Portal v. City of Miami Shores, 362 So.2d 275 (Fla. 1978); McCord v. Smith, 43 So.2d 704 (Fla. 1949). Accordingly, the cause of action against Rupp and Stasco for ordinary or simple negligence cannot be permitted to fall based on the amendment to the sovereign immunity statute. Were the statute's provisions to be prospectively applied, the outcome might be different. However, the legislature's retroactive application of the statute cannot be permitted to displace appellant's vested constitutional rights.
In their supplemental brief, the Bryants refer to a clause in the amended version of Section 768.28(9), Florida Statutes (Supp. 1980), which states that no governmental employee shall be named as party defendant in any action unless the employee has acted in a wanton or willful manner or with malicious purpose or in bad faith. This clause, like the rest of the act, is expressly made applicable to pending cases in the trial or appellate courts. This presents a problem as to whether we should remand with an order to sever the action against Rupp and Stasco from the action against the School Board, since the practical effect of this amendment is to permit a suit only against the governmental entity based on ordinary negligence of its agent(s) or against only an employee who has acted wantonly. Because this affects the issue of joinder during the pendency of this case's pre-existing prosecution, we find that the legislature has intruded into a matter of practice and procedure. We decline to direct a severance.
Matters of practice and procedure, as opposed to matters of substantive law and rights, are reserved exclusively to the judiciary, more specifically, the rulemaking powers of the Supreme Court. "Substantive rights are those existing for their own sake and constituting the normal legal order of society, i.e., the rights of life, liberty, property and reputation." In re Florida Rules of Criminal Procedure, 272 So.2d 65 at 65 (Fla. 1972), (Adkins, J., concurring). The determination of who shall be joined or severed during the prosecution of a case commenced before the effective date of the amended statute appears to fall within the scope of practice and procedure.
In examining the mandatory late joinder of an insurance company as required by statute, the Florida Supreme Court recently indicated that such a requirement is a matter of practice and procedure. See Markert v. Johnson, 367 So.2d 1003, 1006 (Fla. 1978). The effect of the amended sovereign immunity *423 law, if retroactively applied, would be to require the severance of parties from an existing case. This seems to be analogous to the situation in Markert, supra.
The fourth count is directed against Rupp and Stasco, but it is unclear whether Rupp and Stasco are being sued individually or in their capacity as agents of the school board, and whether the theory of negligence espoused in this count can be construed as "willful or wanton."
Suit is permitted against a governmental employee only in his individual capacity, and not against his governmental employer, or against the employee in his official capacity, if the employee's conduct toward the aggrieved plaintiff was in bad faith, or with malicious purpose, or in "a manner exhibiting wanton or willful disregard of human rights, safety, or property." District School Board of Lake County v. Talmadge, supra. This is based on the command of Section 768.28(9), Florida Statutes, the sovereign immunity statute.
Additionally, we construe the Bryants' use of the phrase "gross and reckless" as being within the ambit of the phrase "wanton and willful misconduct" as used in Section 768.28(9).[4] Thus, Count IV is only actionable against Rupp and Stasco in their individual capacities, and not against them as agents of the Board.
To conclude, Bryant has alleged a cause of action against the Board, Rupp and Stasco in both their official and individual capacities in ordinary negligence, and against Rupp and Stasco, individually, based on a wanton disregard of Bryant's human rights, safety or property as permitted by Talmadge, supra.
The ruling below is reversed and remanded for further proceedings not inconsistent with this opinion as to all counts of the Bryants' amended complaint.
LARRY G. SMITH and SHIVERS, JJ., concur.
NOTES
[1] In Bryant v. Jax Liquors, 352 So.2d 542 (Fla. 1st DCA 1977), this court affirmed a judgment dismissing the Bryant's earlier amended complaint. While not alleged in the case under consideration, the "Jax Liquors" case contains other allegations that round out the facts of this case in that the Omega Club members apparently purchased some rum and pressured Bryant and other initiates into drinking a quantity sufficient to cause them to become intoxicated. Bryant then fell, jumped or was pushed by the other intoxicated initiates, causing the resulting injuries. Because these allegations were not presented in this case, they in no way affect our opinion today.
[2] LeRoy Bryant's cause of action is essentially a re-allegation of Glenn Bryant's complaint. He seeks compensation for medical bills and loss of services of his son.
[3] See Fla. Const. of 1968, Art. 1, § 21. Kluger, supra, at 4 states:

... that where a right of access to the courts for redress for a particular injury has been provided by statutory law pre-dating the adoption of the Declaration of Rights of the Constitution of the State of Florida, or where such right has become a part of the common law of the state pursuant to Fla. Stat. § 2.01, F.S.A., the Legislature is without power to abolish such a right without providing a reasonable alternative to protect the rights of the people of the State to redress for injuries unless the Legislature can show an overpowering public necessity for the abolishment of such right, and no alternative method of meeting such public necessity can be shown.
[4] Courts in other states apparently support the view that the terms reckless and wanton are interchangeable. See Hughes v. Southern Haulers, Inc., 379 So.2d 601 (Ala.App. 1979); Green v. Millsboro Fire Co., Inc., 385 A.2d 1135 (Del.Super. 1978); Gammon v. Edwardsville Community Unit School, District No. 7, 82 Ill. App.3d 586, 38 Ill.Dec. 28, 403 N.E.2d 43 (1980); Cates v. Beauregard Electric Cooperative, Inc., 316 So.2d 907 (La. App. 1975); Commonwealth v. Welansky, 316 Mass. 383, 55 N.E.2d 902 (1944); Danculovich v. Brown, 593 P.2d 187 (Wyo. 1979); contra, State v. Tamanaha, 46 Haw. 345, 377 P.2d 688, 690-691 (1962), in which it was decided that conduct which is more than negligent may be reckless without being lawful or wanton.