FERGUSON, Judge
(dissenting).
Raymond Atwood sued appellee Rowland Truck Equipment, Inc., for damages for back injuries suffered when he lifted a fifty-gallon gas tank after it fell off a truck while in transit. The gas tank had been negligently installed by Rowland Truck.[1] Rowland Truck moved for a summary judgment claiming that Atwood’s act of lifting the gas tank was an independent intervening cause and the sole proximate cause of Atwood’s injuries. The trial court granted summary judgment in favor of Rowland Truck. Atwood appeals claiming that the issue of foreseeability of injury should have been submitted to a jury.
The court considered the uncontroverted deposition testimony of Atwood which reflects that he was driving a truck for the Sel-O-Rak Company along a desolate stretch of interstate highway when he *591 heard a bang and discovered through his rear-view mirror that a fifty-gallon gas tank had broken loose and was dragging along the road leaking gas. He stopped the truck, but was unable to take it off the road because of a guard rail. He feared that driving on would cause a spark resulting in an explosion. There was approximately two hours of daylight left and he had no flares. His chief concern was to get the tank off the road because it was a safety hazard. He did not know how much the tank weighed. He did not attempt to flag passing vehicles because he thought he could handle the situation. Atwood, in fact, lifted the fifty-gallon tank back on the truck, but in doing so injured his back.
The court in Gibson v. Avis Rent-A-Car System, Inc., 386 So.2d 520 (Fla.1980), sets forth a three-part test for determining whether the harm that occurs is within the scope of the risk created by the defendant’s conduct: (1) whether the legislature specified the type of harm for which a tort-fea-sor is liable, (2) whether the particular defendant had actual knowledge that the same type of harm has resulted in the past from the same type of negligent conduct, and (3) whether the type of harm has so frequently resulted from the same type of negligence that, in the field of human experience, the same type of result may be expected again. The harm suffered by Atwood could fall within category three of the Gibson test. Without departing from the field of human experience, Rowland Truck might have, reasonably anticipated that some person would be injured as a result of the negligent installation of the gas tank. The proper test in determining foreseeability is not whether the initial tort-feasor is able to foresee the exact nature or extent of the injuries or precise manner in which the injuries occur. Rather, all that is necessary in order for liability to arise is that the tort-feasor be able to foresee that some injury would likely result in some manner as a consequence of his negligent act. Crislip v. Holland, 401 So.2d 1115 (Fla. 4th DCA 1981). I find inapposite those cases cited by appellee involving the foreseeability of criminal conduct where the harm that occurred was not within the scope of the risk created by the defendant’s conduct. See Jenkins v. City of Miami Beach, 389 So.2d 1195 (Fla. 3d DCA 1980) (assault not foreseeable consequence of failure to properly maintain water fountain); Guice v. Enfinger, 389 So.2d 270 (Fla. 1st DCA 1980) (suicide not probable consequence of failure to remove belt).
The question of whether an intervening cause is foreseeable is for the trier of fact. Gibson v. Avis, supra. Where reasonable men might differ, the determination of foreseeability rests with the jury. Vining v. Avis Rent-A-Car Systems, Inc., 354 So.2d 54 (Fla.1977). Only where reasonable men cannot differ as to whether the harm was foreseeable, may the question of foreseeability be determined as a matter of law. See Nance v. James Archer Smith Hospital, Inc., 329 So.2d 377 (Fla. 3d DCA 1976), cert. denied, 339 So.2d 1171 (Fla.1976); Kwoka v. Campbell, 296 So.2d 629 (Fla. 3d DCA 1974), cert. denied, 304 So.2d 450 (Fla.1974).
Because I think reasonable men could differ as to whether it was within the scope of risk that a negligently installed gas tank would fall on the highway and that an individual attempt to clear the highway of such dangerous obstruction by lifting the tank and suffer injury, I would reverse the summary judgment.

. For the purpose of argument in the summary judgment hearing, counsel stipulated that the negligence of Rowland Truck in installing the gas tank would not be an issue.