HUBBART, Judge.
This is a consolidated appeal by the plaintiffs from (1) a final order dismissing a complaint as to one defendant, and (2) a final summary judgment entered in favor of a second defendant, in a wrongful death action. The trial court concluded that the defendants’ alleged negligence was not, as a matter of law, a proximate cause of the death of the plaintiffs’ decedent. For the reasons which follow, we disagree and reverse.
I
The facts of this case, as alleged in the operative complaint and as developed by the discovery and affidavits filed in the record, may be briefly stated as follows. It should be noted, however, that these facts are stated, as required by established case law, in a light most favorable to the plaintiffs, inasmuch as this appeal is taken from a dismissal of a complaint and an adverse final summary judgment. See, e.g., Pizzi v. Central Bank & Trust Co., 250 So.2d 895, 897 (Fla.1971); Holl v. Talcott, 191 So.2d 40 (Fla.1966).
On January 7, 1983, at approximately 9:00 P.M., the plaintiffs’ decedent, Trudi Beth Tieder, was struck by an automobile, pinned up against a brick wall, and killed when the wall collapsed on her — as she walked out the front door of Eaton Hall dormitory on the University of Miami campus. At the time, two students were attempting to clutch-start an automobile in the circular drive in front of Eaton Hall— one student was pushing the car while the other student was in the car behind the wheel — when, suddenly, the student behind the wheel lost control of the car. The automobile left the circular driveway, lurched over a three-inch curb onto a grassy area, and travelled some thirty-three feet across the front lawn parallel to Eaton Hall. The automobile collided with an elevated walkway leading out of the front door of Eaton Hall, jumped onto the walkway, and struck the plaintiffs’ decedent as she walked out the front door of the dormitory. The automobile continued forward, pinning the decedent against a high brick wall that supported a concrete canopy at the entrance to the dormitory. Because the wall was negligently designed and constructed without adequate supports required by the applicable building code, the entire wall came off intact from its foundation and crushed her to death. Dr. Joseph Davis, the Dade County Medical Examiner, averred by affidavit that in his opinion the decedent would not have died merely from the automobile impact; in his opinion, she died as a result of the brick wall falling intact and in one piece upon her. Two affidavits of professional engineers were also filed below detailing the negligent design and construction of the subject brick wall.
The plaintiffs Sheila M. Tieder and Richard J. Tieder, administrators of the estate of Trudi Beth Tieder, brought a wrongful death action against: (1) the owner and the operator of the automobile (not parties to this appeal), (2) Robert M. Little, the architect who designed the allegedly defective brick wall, and (3) the University of Miami, which caused the said brick wall to be erected and maintained. The amended complaint charged the defendant Little and the University of Miami with various acts of negligent conduct including negligence in the design and construction of the brick wall. The defendant Little moved to dismiss the complaint against him and urged that his alleged negligence was not, as a *925 matter of law, the proximate cause of the decedent’s death because the entire accident was so bizarre as to be entirely unforeseeable; the University of Miami moved for a summary judgment in its favor and made the same argument. The trial court agreed and granted both motions, relying in part on Food Fair, Inc. v. Gold, 464 So.2d 1228 (Fla. 3d DCA), pet. for rev. denied, 476 So.2d 673 (Fla.1985), and Schatz v. 7-Eleven, Inc., 128 So.2d 901 (Fla. 1st DCA 1961). The plaintiffs appeal.
II
It is settled law that to maintain a cause of action sounding in negligence, such as the wrongful death action herein, the plaintiff must plead and prove three elements:
(1) The existence of a duty recognized by law requiring the defendant to conform to a certain standard of conduct for the protection of others including the plaintiff;
(2) A failure on the part of the defendant to perform that duty; and
(3) An injury or damage to the plaintiff proximately caused by such failure.[1]
In the instant case, the parties appear to agree that, for complaint dismissal and summary judgment purposes, the first two elements of the plaintiffs negligence (wrongful death) action are shown on this record. It is solely the third element of “proximate cause” which is in dispute in this case. The defendants contended below, and the trial court agreed, that the defendants’ negligence in designing and constructing the brick wall was not, as a matter of law, the proximate cause of the death of the plaintiffs’ decedent. The plaintiffs, on the other hand, contend that the complaint alleges sufficient facts, and the record raises sufficient issues of material fact, that a jury issue is presented on the proximate cause element. It is therefore necessary to consult the applicable Florida law on “proximate cause” in negligence actions as applied to the facts presented herein.
A
At the outset, the “proximate cause” element of a negligence action embraces, as a sine qua non ingredient, a causation-in-fact test, that is, the defendant’s negligence must be a cause-in-fact of the plaintiff’s injuries. Generally speaking, Florida courts have followed a “but for” causation-in-fact test, that is, “to constitute proximate cause there must be such a natural, direct and continuous sequence between the negligent act [or omission] and the [plaintiff’s] injury that it can be reasonably said that but for the [negligent] act [or omission] the injury would not have occurred.” Pope v. Pinkerton-Hays Lumber Co., 120 So.2d 227, 230 (Fla. 1st DCA 1960), cert. denied, 127 So.2d 441 (Fla. 1961), relying on Seaboard Air Line Ry. v. Mullin, 70 Fla. 450, 70 So. 467, 470 (1915).[2] There is, however, a “substantial *926 factor” exception to the “but for” test where two causes concur to bring about an event in fact, either one of which would have been sufficient to cause the identical result. Stahl v. Metropolitan Dade County, 438 So.2d 14, 18-19 (Fla. 3d DCA 1983). In that narrow circumstance, it is settled that a “[defendant's conduct in an action for personal injuries is considered a cause [in fact] of the event if it was a material and substantial factor in bringing it about.” Loftin v. Wilson, 67 So.2d 185, 191 (Fla.1953).
B
In addition to the causation-in-fact test, the "proximate cause” element of a negligence action includes a second indispensable showing. This showing is designed to protect defendants from tort liability for results which, although caused-in-fact by the defendant’s negligent act or omission, seem to the judicial mind’ highly unusual, extraordinary, or bizarre, or, stated differently, seem beyond the scope of any fair assessment of the danger created by the defendant’s negligence. The courts here have required a common sense, fairness showing that the accident in which the plaintiff suffered his injuries was within the scope of the danger created by the defendant’s negligence, Stahl v. Metropolitan Dade County, 438 So.2d 14, 19 (Fla. 3d DCA 1983), or stated differently, that the said accident was a reasonably foreseeable consequence of the defendant’s negligence. Gibson v. Avis Rent-A-Car System, Inc., 386 So.2d 520, 522 (Fla.1980); Cone v. InterCounty Telephone & Telegraph Co., 40 So.2d 148, 149 (Fla.1949); Pope v. Pinkerton-Hays Lumber Co., 120 So.2d 227, 229 (Fla. 1st DCA 1960), cert. denied, 127 So.2d 441 (Fla.1961).
It is not necessary, however, that the defendant foresee the exact sequence of events which led to the accident sued upon; it is only necessary that the general type of accident which has occurred was within the scope of the danger created by the defendant’s negligence, or, stated differently, it must be shown that the said general-type accident was a reasonably foreseeable consequence of the defendant’s negligence. Gibson v. Avis Rent-A-Car System, Inc., 386 So.2d 520, 522 (Fla.1980); K-Mart Enterprises of Florida, Inc. v. Keller, 439 So.2d 283, 286 (Fla. 3d DCA 1983), rev. denied, 450 So.2d 487 (Fla.1984); Crislip v. Holland, 401 So.2d 1115 (Fla. 4th DCA), rev. denied sub. nom, City of Fort Pierce v. Crislip, 411 So.2d 380 (Fla.1981). For example, it has been held that injuries sustained by business patrons while attempting to escape from a fire in a cafeteria or a hotel were within the scope of the danger and a reasonably foreseeable consequence of the cafeteria or hotel's negligence in failing to have adequate fire exits — even though the exact sequence of events which led to the fire, namely, a mad arsonist setting the building aflame, was entirely unforeseeable. Concord Florida, Inc. v. Lewin, 341 So.2d 242 (Fla. 3d DCA 1976), cert. denied, 348 So.2d 946 (Fla.1977); Mozer v. Semenza, 177 So.2d 880 (Fla. 3d DCA 1965). Moreover, it has long been held that “proximate cause” issues are generally for juries to decide using their common sense upon appropriate instructions, although occasionally when reasonable people cannot differ, the issue has been said to be one of law for the court. See, e.g., Helman v. Seaboard Coast Line Railroad, 349 So.2d 1187, 1189 (Fla.1977); Stahl v. Metropolitan Dade County, 438 So.2d 14, 21-22 (Fla. 3d DCA 1983).
Ill
Turning now to the instant case, we have no difficulty in concluding that the *927 trial court erred in dismissing the complaint against the defendant Little and in entering a final summary judgment in favor of the University of Miami. This is so because the complaint sufficiently alleges the proximate cause element herein as to the defendant Little, and the record raises genuine issues of material fact with reference to the same element as to the defendant University of Miami.
A
Plainly, the alleged negligence in designing and constructing the brick wall adjoining the entrance way to Eaton Hall in this case was a cause-in-fact of the accident which led to the death of the plaintiffs’ decedent. It is alleged that the said wall was designed and built with insufficient supports as required by the applicable building code so that, when it- was impacted in this case, it fell over intact, and in one piece, on the decedent. Dr. Joseph Davis, the Dade County Medical Examiner, avers that in his opinion the decedent died as a result of the brick wall falling intact upon her. “But for” the negligent design and construction of the brick wall which led to its collapse in one piece, then, the decedent would not have died. A jury question is therefore presented on this aspect of the proximate cause element.
B
The foreseeability aspect of the proximate cause element is also satisfied in this case for the complaint dismissal and summary judgment purposes. The collapse of a brick wall resulting in the death of a person near such wall is plainly a reasonably foreseeable consequence of negligently designing and constructing such a wall without adequate supports in violation of applicable building codes — even though the exact sequence of events leading to the collapse of the wall — as in this case, the bizarre incident involving the clutch-started automobile leaving the circular driveway and striking the wall — may have been entirely unforeseeable. The general-type accident which occurred in this case — namely, the collapse of the brick wall resulting in the decedent’s death — was entirely within the scope of the danger created by the defendants’ negligence in designing and constructing the wall without adequate supports, and was a reasonably foreseeable consequence of such negligence. Just as injuries sustained by business patrons in attempting to escape a fire in a cafeteria or hotel was a reasonably foreseeable consequence of the cafeteria or hotel’s negligence in failing to have adequate fire exits, even though the act of the arsonist in setting the building aflame was entirely unforeseeable — so too the death of the plaintiffs’ decedent was entirely foreseeable in this case even though the exact sequence of events leading to the collapse of the wall may have been unforeseeable. Concord Florida, Inc. v. Lewin, 341 So.2d 242 (Fla. 3d DCA 1976), cert. denied, 348 So.2d 946 (Fla.1977); Mozer v. Semenza, 177 So.2d 880 (Fla. 3d DCA 1965). This being so, a jury issue is presented on the proximate cause element as pled in the complaint and revealed by this record.
Food Fair, Inc. v. Gold, 464 So.2d 1228 (Fla. 3d DCA 1985), and Schatz v. 7-Eleven, Inc., 128 So.2d 901 (Fla. 1st DCA 1961), relied on by the trial court below, do not compel a contrary result because, properly read, these are not proximate cause cases, but are instead no-negligence cases. In Food Fair, we held that a supermarket had breached no duty of due care to its customer in the design of its parking lot or in failing to intervene when one of its patrons was injured while loading groceries in her car; another patron in a car got impatient while trying to get out of the said parking lot, collided with another car, became airborne and struck the plaintiff. We found, as matter of law, “[tjhere was a ‘wrong’ and a ‘negligent party’ who caused injuries,” but “[t]hat negligent party was not Pantry Pride.” Id. at 1231. We relied for our result on Schatz, which similarly found no breach of the duty of due care on the part of 7-Eleven for injuries to one of its business patrons when another patron, while attempting to park her automobile, jumped the curb and sidewalk in front of *928 the store and struck the plaintiff patron on the sidewalk. Both accidents were found to be reasonably unforeseeable and, consequently, the defendant business owner had breached no duty of due care in failing to guard against such a freakish occurrence.
In the instant case, by way of contrast, it is plain, as previously indicated, that the first two elements of the wrongful death action herein are established on this record for complaint dismissal and summary judgment purposes. The defendants Little and the University of Miami are, for purposes of this appeal, deemed negligent in designing and constructing the subject brick wall without adequate supports in violation of the applicable building code. The sole issue here is whether the collapse of the said wall resulting in the death of the decedent was a reasonably foreseeable consequence of this established negligence. Because in Food Fair and Schatz the defendants were guilty of no negligence at all, these cases cannot control our decision on the proximate cause issue presented herein.
We^do agree, however, that the plaintiffs' claims about the circular driveway having an inadequate barrier around it and in being built too close to the subject wall cannot amount to any breach of the duty of due care to the plaintiff in this case, and, therefore, do not constitute actionable negligence herein, based on the authority of the Schatz case. This is so because the bizarre event of the clutch-started automobile leaving the circular driveway herein was reasonably unforeseeable, and, consequently, neither defendant was negligent in failing to guard against such a freakish occurrence. The only actionable negligence in this case is the negligent design and construction of the subject brick wall in that it had inadequate supports in it. Plainly, a jury question is presented as to whether this negligence was a proximate cause of the decedent’s death in this case.
The final order of dismissal and the final summary judgment under review are both reversed and the cause is remanded to the trial court for further proceedings.
Reversed and remanded.

. The above formulation largely tracks the language of the following cases: Stahl v. Metropolitan Dade County, 438 So.2d 14, 17 (Fla. 3d DCA 1983); Clark v. Boeing Co., 395 So.2d 1226, 1228 (Fla. 3d DCA 1981); Blackton Building Supply Co. v. Garesche, 383 So.2d 250, 251 (Fla. 5th DCA 1980); Welsh v. Metropolitan Dade County, 366 So.2d 518, 521 (Fla. 3d DCA), cert. denied, 378 So.2d 347 (Fla.1979); Angell v. F. Avanzini Lumber Co., 363 So.2d 571, 572 (Fla. 2d DCA 1978); Lake Parker Mall, Inc. v. Carson, 327 So.2d 121, 123 (Fla. 2d DCA 1976), cert. denied, 344 So.2d 323 (Fla.1977); Smiley v. Court, 243 So.2d 643, 646 (Fla. 4th DCA 1971). The first element, however, has been modified to conform to the language found in Simon v. Tampa Electric Co., 202 So.2d 209, 213 (Fla. 2d DCA 1967), following W. PROSSER, HANDBOOK OF THE LAW OF TORTS § 30 (4th ed. 1971). As a whole, the stated formulation is in substantial accord with RESTATEMENT (SECOND) OF TORTS § 281 (1965) and W. PROSSER, supra at § 30.

. The Florida cases often use the terms 'hut for” and "without which" interchangeably in formulating the "but for” test, but the meaning here is precisely the same, with ‘hut for” being the preferred terminology. Sardell v. Malanio, 202 So.2d 746, 747 (Fla.1967) (‘hut for”); Tampa Electric Co. v. Jones, 138 Fla. 746, 190 So. 26, 27 (1939) ("without which"); Seaboard Air Line Ry. v. Mullin, 70 Fla. 450, 70 So. 467, 470 (1915) ("without which”); Stahl v. Metropolitan Dade County, 438 So.2d 14, 17-18 (Fla. 3d DCA 1983) (‘hut for”); General Telephone Co. of Fla. v. Choate, 409 So.2d 1101 (Fla. 2d DCA), review denied, 418 So.2d 1278 (Fla.1982) (‘hut for”); *926 Bryant v. School Board of Duval County, 399 So.2d 417, 420 (Fla. 1st DCA 1981), aff'd in part, rev’d in part, sub. nom., Rupp v. Bryant, 417 So.2d 658 (Fla.1982) ("without which"); Bryant v. Jax Liquors, 352 So.2d 542 (Fla. 1st DCA 1977), cert. denied, 365 So.2d 710 (Fla.1978) ("but for”); General Telephone Co. of Fla. v. Mahr, 153 So.2d 13, 16-17 (Fla. 2d DCA 1963), cert. dismissed, 163 So.2d 285 (Fla.1964) ("without which"); Smith v. City Products Corp., 147 So.2d 590 (Fla. 1st DCA 1963), cert. dismissed, 155 So.2d 696 (Fla.1963) ("without which”); Schatz v. 7-Eleven, Inc., 128 So.2d 901 (Fla.1st DCA 1961) ("without which").