GLICKSTEIN, Judge,
concurring specially.
Jon Mercak and some of his friends, after drinking in Okeechobee, returned to West Palm Beach where one of the friends offered to drive Mercak home. Mercak, however, refused the offer, stating that he lived only three blocks away and that he could make it home on his own. Mercak then proceeded to drive north to Ellison Wilson Road. On Ellison Wilson Road he swerved his car to the right, threw a beer can out the window, swerved the car to the left and then crossed the center line of the two lane highway. He drove the car across the lane for traffic going in the opposite direction and struck Cynthia Owen, the plaintiff, who was riding her bicycle in the opposite direction on the far right hand < side of the road. Upon impact the plaintiff was thrown over the top of the car and then landed on the shoulder of the road.
After striking the plaintiff, Mercak immediately swerved the car back to the right into the middle of the road again. He then stopped the car and got out of it, leaving the car door open. Because Mercak had left the car in “reverse,” as opposed to in “park,” the car rolled backwards, knocking down Mercak and hitting the plaintiff a second time.
Cynthia Owen testified that at the location where she was hit, the sidewalks were “all broken cement and all covered with sand” and she could not use the sidewalks at all; that there was usually a skateboard ramp placed across a portion of the bike path; and that there was usually a truck parked across the sidewalk at the same location as the skateboard ramp. She further testified that it was always her policy to ride her bicycle on sidewalks rather than on streets if the sidewalks were at all usable.
There was testimony introduced that between 1974 and 1976 the Palm Beach County Board of County Commissioners requested the Palm Beach County Planning and Zoning, and Building Department to prepare a bikeway program for the County. Palm Beach County’s bikeway program went into effect sometime in 1976 or 1977. Shortly thereafter, Palm Beach County received a request for the construction of a bike path along Ellison Wilson Road. The request for a bike path came from the people who lived in the area of Ellison Wilson Road. Due to the fact that people were walking in the streets in order to travel Ellison Wilson Road, it was felt by the County that a bike path would provide safety for the children and for the public and also would furnish good access to a nearby public park. The intended purpose of the bike path along Ellison Wilson Road was “getting people off the road.” Palm Beach County recognized that it was dangerous for people to walk or bicycle on Ellison Wilson Road.
To overcome this danger, Palm Beach County planned and had constructed in 1977 a bike path along Ellison Wilson Road. Upon completion of the bike path, maintenance duties and responsibilities for the bike path were turned over to Palm Beach County’s Road and Bridge Department.
At trial, a registered professional engineer, Harry A. Burns, testified that at the time of the accident, the State of Florida had adopted the Federal Highway Administration’s proposed guidelines for the operation and maintenance of bike paths and that those guidelines were applicable to the bike path along Ellison Wilson Road. Relevant portions of those guidelines provide:
Bicycle paths need a regular schedule of policing and maintenance. The pavement surface of a path should be kept clean by sweeping. Attention should be given to maintaining the full paved width....
*518 Bicycle routes, bicycle lanes, and other roadways with bicycle traffic are often susceptible to having debris, such as glass or sand, collect in the area where bicyclists ride. Both a smooth surface, free of potholes and debris, should be ■ provided.
There was testimony showing that although Palm Beach County was responsible for the maintenance of the bike path in question, it had no regular program of maintenance or inspection in effect on the date of the subject accident.
It is highly foreseeable that bicyclists forced to abandon bike paths will be exposed to the risk of sharing the roads with motorists who may lose control of their vehicles for a variety of different reasons. The precise cause of the accident is irrelevant so long as the harm that occurs is within the scope of danger created by the defendant’s act of negligence. Gibson v. Avis Rent-A-Car System, Inc., 386 So.2d 520, 522 (Fla.1980). Accordingly, I concur in affirmance of the trial court’s denial of the County’s motions for summary judgment.
There is reason to conclude the trial court did not rule on the County’s motions for directed verdict. The record would not justify granting such motions.