PER CURIAM.
We reverse the trial court's order denying plaintiff’s motion for a new trial in this personal injury case involving an automobile accident.
Plaintiff was injured when his car struck defendant’s truck which was stopped in plaintiff’s lane of travel. Defendant’s truck, which had been proceeding at night in a direction opposite to that of plaintiff on the unlighted, two-lane road, was stopped in that lane because it had crossed the center line and had collided with another car before coming to rest. There was no evidence establishing how long defendant’s truck had been stopped in plaintiff’s lane before the collision with plaintiff’s car, although the indications were that very little time had elapsed. Defendant argues that the jury could have found that the actions of plaintiff in driving into defendant’s car was the intervening, and sole, cause of the accident.
However, if those actions of plaintiff were foreseeable to defendant, as they unquestionably were under these circumstances, then defendant cannot be absolved of his own negligence. See Gibson v. Avis-Rent-A-Car System, Inc., 386 So.2d 520, 522-23 (Fla.1980) (“In this day of mul-ti-lane freeways and fifty-five mile per hour speed limits, a reasonable person would have to conclude that stopping a car in the middle of an interstate creates a risk that other cars may collide as a result of trying to avoid hitting the stopped vehicle.”).
Thus, we conclude that the verdict was against the manifest weight of the evidence and that reasonable men could not differ in that regard. See Fitzgerald v. Molle-Teeters, 520 So.2d 645, 648 (Fla.2d DCA 1988).
Reversed and remanded for a new trial.
LEHAN, A.C.J., and FRANK and PATTERSON, JJ., concur.