642 So.2d 816 (1994)
THE DISTRICT BOARD OF TRUSTEES OF FLORIDA KEYS COMMUNITY COLLEGE, Appellant,
v.
Deborah Eileen MARTIN, Appellee.
No. 94-598.
District Court of Appeal of Florida, Third District.
September 21, 1994.
Solms & Price, Miami, for appellant.
Leesfield, Leighton, Rubio & Hillencamp, Key West, and Robert S. Glazier, Coconut Grove, for appellee.
Before NESBITT, GERSTEN and GODERICH, JJ.
PER CURIAM.
Florida Keys Community College appeals the partial summary final judgment determining its liability to the claimant, Deborah Martin. We reverse.
Martin was enrolled as a police officer trainee at the College's Institute for Criminal Justice. The incident in question occurred while she was engaged in a domestic dispute training exercise. Her particular task was to restrain Officer Donald Hiller, a member of the Monroe County Sheriff's Department. *817 In the exercise, Hiller was posing as one of the refractory participants in a barroom brawl. As Martin moved toward Hiller, he suddenly displayed a handgun, firing a blank at close range, injuring Martin's hand. Martin, thereafter filed the instant negligence action against the college.
To the amended complaint, the college filed its answer and its defenses. The college alleged that Officer Hiller's act exhibited willful and wanton disregard of human rights, safety, and property and that the legislature, through section 768.28(9)(a), Florida Statutes (1993), specifically exempted the school from vicarious liability under these circumstances.
Section 768.28(9)(a) provides in part:
The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. (emphasis added).
While there is no evidence that the officer acted in bad faith or for a malicious purpose, there is clearly a factual determination to be made as to whether the officer's conduct should be characterized as willful and wanton. There is a dispute in the evidence about whether it was permissible for Hiller to employ the handgun during the exercise. His superiors had generally testified that during this particular scenario, Hiller had been instructed not to use a handgun, and specifically, not to use the limited blank ammunition on hand. Hiller testified that his commanding officers were aware he would be carrying a gun and perhaps employ it. Also, there is a dispute in the testimony about whether Hiller pointed the weapon toward Martin or away from her.
In the event a jury concludes that the officer's conduct had been prohibited by his superiors, it might also determine that the deliberate act by Hiller of failing to follow those instructions and employing a handgun at close range, constituted an act exhibiting wanton and willful disregard of human safety. Such a conclusion would support the sovereign immunity defense posed by the college. See Currie v. Palm Beach County, 578 So.2d 760 (Fla. 4th DCA 1991) (willful conduct concluded to be an intentional act of an unreasonable character in disregard of known or obvious risk of such magnitude as to render it probable that harm would follow); see also Williams v. City of Minneola, 619 So.2d 983 (Fla. 5th DCA 1993) (construing willful and wanton conduct under section 768.28(9)(a) as being the same reckless conduct in reliance upon Bryant v. School Board of Duval County, 399 So.2d 417, 423 (Fla. 1st DCA 1981), affirmed in part, reversed in part on other grounds, Rupp v. Bryant, 417 So.2d 658 (Fla. 1982).
For the foregoing reason, the summary judgment under review is reversed and the cause is remanded for further proceedings.