456 P.2d 957

Robert E. FONDA, by his next friend, Otis J. Fonda, Appellant,

v.

CITY OF MESA, Appellee.

No. 1 CA–CIV 669.

Court of Appeals of Arizona.

July 9, 1969.

Standage & Allen, by Gove L. Allen, Mesa, for appellant.

Moore, Romley, Kaplan, Robbins & Green, by Robert H. Green and Craig R. Kepner, Phoenix, for appellee.

KRUCKER, Judge.

Plaintiff-appellant, Robert E. Fonda, by his next friend, his father, sued the de-

fendants-appellees, the City of Mesa and Russell Eugene Dorsett, and his employer, for negligence. His claim against the City of Mesa for alleged negligent installation of a stop sign and "stop line" was determined in favor of the City on a motion for summary judgment. Plaintiff appeals from that judgment.

■ In a ruling on a motion for summary judgment, the court must view the facts and evidence most favorable to the party opposing the motion for summary judgment, and give the opposing party the benefit of all favorable inferences that may be drawn from the evidence. Cummings v. Prater, 95 Ariz. 20, 386 P.2d 27 (1963); Harbour v. Reliable Insurance Co., 94 Ariz. 344, 385 P.2d 220 (1963); Mermis v. Weeden & Co., 8 Ariz.App. 166, 444 P.2d 524 (1968); Lowery v. Universal Match Corp., 6 Ariz.App. 98, 430 P.2d 444 (1967).

On September 12, 1966, plaintiff was driving his Honda motorcycle in a westerly direction on University Drive in the City of Mesa and defendant Dorsett, driving a Ford pickup owned by Complete Auto Supply Co., was proceeding north on Standage Street. University Drive is a protected street and Dorsett stopped at the stop sign and the painted "stop line" at University Drive. After stopping, he then proceeded to cross University Drive and collided with the 18-year-old plaintiff, Robert Fonda. On Standage Street, at the intersection in question, there was a six and one-fourth foot high cyclone fence with venetian blind slats and some trees and shrubbery so placed that the easterly view of a person stopped at the stop sign was limited. An illustrative drawing attached to plaintiff's brief discloses that there was clear vision of University Drive for a distance of 105 feet to the east.

University Drive is 65 feet wide from curb to curb and has four traffic lanes, two in each direction, exclusive of left turn bays. Plaintiff was westbound in the northernmost traffic lane. Defendant Dorsett testified in his deposition that he stopped at the stop sign, waited for an eastbound truck and proceeded to cross University Drive. He had crossed the eastbound traffic lanes and left-turn lane and was eight to ten feet from the north curb when struck by the plaintiff's motorcycle.

Plaintiff's basic contention on appeal is that the City of Mesa was negligent per se by violating A.R.S. § 28–855, which requires that stop signs be placed as near as possible to the intersection to facilitate vision of traffic. The stop sign in this case was placed approximately nine feet south of the near side of the edge of the curb along University Drive.

The various statutes applicable to this appeal are:

A.R.S. § 28–644:

"A. The driver of any vehicle shall obey the instructions of any official traffic-control device applicable thereto placed in accordance with the provisions of this chapter * * *.

"B. No provision of this chapter for which signs are required shall be enforced against an alleged violater if at the time and place of the alleged violation an official sign is not in proper position and sufficiently legible to be seen by an ordinarily observant person. * * *"

A.R.S. § 28–773:

"A. The driver of a vehicle shall stop as required by § 28–855 at the entrance to a through highway and shall yield the right of way to other vehicles which have entered the intersection from the through highway or which are approaching so closely on the through highway as to constitute an immediate hazard, but such driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on the through highway shall yield the right of way to the vehicle so proceeding into or across the through highway.

"B. The driver of a vehicle shall likewise stop in obedience to a stop sign

as required by this chapter at an intersection where a stop sign is erected at one or more entrances thereto although not a part of a through highway, and shall proceed cautiously, yielding to vehicles not so obliged to stop which are within the intersection or approaching so closely as to constitute an immediate hazard, but may then proceed."

A.R.S. § 28–855:

"A. The commission with reference to state highways and local authorities with reference to other highways under their jurisdiction may designate through highways and erect stop signs at specified entrances thereto or may designate any intersection as a stop intersection and erect like signs at one or more entrances to the intersection.

\*      \*      \*      \*      \*      \*

"C. *Every stop sign shall be erected as near as practicable to the nearest line of the cross walk on the near side of the intersection or, if there is no cross walk, then as close as practicable to the nearest line of the roadway.* (Emphasis supplied.)

"D. Every driver of a vehicle approaching a stop sign shall stop before entering the cross walk on the near side of the intersection or in the event there is no cross walk shall stop at a clearly marked stop line, but if none, then at the point nearest the intersecting highway where the driver has a view of approaching traffic on the intersecting highway before entering the intersection except when directed to proceed by a police officer or traffic-control signal.

A.R.S. § 28–602:

\*      \*      \*      \*      \*      \*

"2. "Cross walk" means:

(a) That part of a roadway at an intersection included within the connections of the lateral lines of the sidewalks on opposite sides of the highway measured from the curbs or, in absence of curbs, from the edges of the traversable roadway.

(b) Any portion of a roadway at an intersection or elsewhere distinctly indicated for pedestrian crossing by lines or other markings on the surface."

\*      \*      \*      \*      \*      \*

The plaintiff's brief gives two versions of the accident: (1) That Dorsett was proceeding east on University Drive in the left-turn lane signaling a left turn, and turned in front of the plaintiff causing the collision; and (2) That Dorsett was proceeding north on Standage and drove in front of the plaintiff's oncoming motorcycle causing the collision.

The ultimate question is whether under either theory there was a material issue of fact as to the negligence of the City in its placement of the stop sign. The plaintiff's burden was to prove a failure to perform a duty owed and an injury to him proximately resulting from such a failure. Dungan v. Brandenberg, 72 Ariz. 47, 230 P.2d 518 (1951). Failure of the plaintiff to present sufficient facts to establish all the elements of the claim can result in summary judgment for the defendant. Berry v. Robotka, 9 Ariz.App. 461, 453 P.2d 972 (1969).

In the instant case we do not believe that the facts presented by plaintiff in any way prove that the placement of the stop sign was the proximate cause of the injury.

In order for the plaintiff to recover, he must show, under any theory of negligence, that the negligence contributed as the near or direct cause of the accident. It is a cause which in a natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury and without which the result would not have occurred. Chapman v. Salazar, 40 Ariz. 215, 11 P.2d 613 (1932); Alires v. Southern Pacific Co., 93 Ariz. 97, 378 P.2d 913 (1963).

From the photograph inserted in plaintiff's brief it appears that the placement of the sign was dictated in part by the location of a cement sidewalk, which ends just where the sign is placed. The defendant,

in plaintiff's second version of the accident, stopped at the stop sign. Defendant states he then waited for a truck and proceeded across University Drive. By this time, after he had traversed the four lanes and into the fifth lane where the collision occurred, we do not believe that the stop sign had any connection with the accident as defendant had ample time to view oncoming traffic.

Judgment affirmed.

MOLLY and HATHAWAY, JJ., concur.

NOTE: This cause was decided, by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.