456 So.2d 1233 (1984)
METROPOLITAN DADE COUNTY, Appellant,
v.
Ramon V. COLINA, As Personal Representative of the Estate of Martha Colina, Deceased, Appellee.
No. 83-406.
District Court of Appeal of Florida, Third District.
September 18, 1984.
Rehearing Denied October 31, 1984.
Robert A. Ginsburg, County Atty., and Craig H. Coller and Addison J. Meyers, Asst. County Attys., for appellant.
*1234 Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin and Joel S. Perwin, Spence, Payne, Masington & Grossman, Miami, for appellee.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
Dade County appeals a final judgment rendered on a jury verdict in a wrongful death action. The county argues that the trial court erred in refusing to direct a verdict in its favor because any negligence on the county's part was not the proximate cause of Martha Colina's death. We agree and reverse.
On June 20, 1980 at about 10:00 p.m., Ramon Colina was driving his van southbound on S.W. 16th Avenue in Miami. Ramon's wife, Martha, was seated in the right front passenger seat. Stormy weather had caused power outages throughout the county and, as a result, a number of traffic lights were reported out, including the light at S.W. 16th Avenue and S.W. 6th Street.[1] Dade County did not, on June 20th, either place traffic control signs at the intersection or send a repair crew out.
When he neared S.W. 6th Street, according to his own testimony, Colina appreciated the hazardous condition and stopped his vehicle.[2] He looked to his left and saw two cars traveling westbound on S.W. 6th Street, approaching 16th Avenue. He moved the van forward a few feet and stopped again. He testified that he realized the vehicles might not stop, but decided to try to cross the intersection ahead of them. One of the cars traveling on 6th Street, driven by Miguel Masferrer, did not stop. The Masferrer and Colina vehicles collided. Mrs. Colina was thrown from the car sustaining injuries which resulted in her death.
The jury found negligence on the part of both co-defendants, apportioning the negligence seventy-five percent to Masferrer and twenty-five per cent to the county. The jury also found no contributory negligence on the part of Ramon Colina. All of the county's directed verdict motions were denied by the trial court.
The issue for decision is whether reasonable people could differ on the question of whether the county's omission to act was a proximate cause of Mrs. Colina's death. We find that they could not and, as a matter of law, the county's failure to act was not a proximate cause of Mrs. Colina's death.
An exhaustive review of proximate cause law in Florida is unnecessary since a thorough and insightful analysis has recently been done by Judge Hubbart of this court. *1235 See Stahl v. Metropolitan Dade County, 438 So.2d 14 (Fla. 3d DCA 1983).
Application of the traditional "but for" test results in a conclusion that the county's omission was a cause in fact of Mrs. Colina's death. The case, however, turns on whether Masferrer's and Colina's actions constituted superseding, intervening causes relieving the county of liability. We hold that their actions were such intervening causes.
As previously noted, section 316.1235, Florida Statutes (1979) requires drivers to treat intersections with malfunctioning traffic lights as if controlled by stop signs. Section 316.123(2), Florida Statutes (1979) describes the manner of stopping and requires that a driver yield the right-of-way to any vehicle "which is approaching so closely ... as to constitute an immediate hazard during the time when the driver is moving across or within the intersection." While Mr. Colina complied with the requirement calling for a stop, he failed to observe the right-of-way requirement. It is true that Mr. Masferrer was also required by law to stop, but that did not relieve Mr. Colina of his duty to proceed with due care to avoid a collision. See Dade County Metropolitan Transit Authority v. Even, 262 So.2d 685 (Fla. 3d DCA 1972); Gordon's Tractor Service, Inc. v. Bilello, 336 So.2d 1208 (Fla. 2d DCA 1976); MacNeill v. Neal, 253 So.2d 263 (Fla. 2d DCA 1971), cert. denied, 259 So.2d 719 (Fla. 1972). Although he realized the intersection presented a danger and that Masferrer might not stop, Mr. Colina proceeded across the intersection hoping to beat the oncoming vehicles. He would be expected, as a matter of law, to cross the intersection only when it was reasonably safe to do so. The facts of this case are controlled by our decision in Pope v. Cruise Boat Co., 380 So.2d 1151 (Fla. 3d DCA 1980). See also Memorial Park, Inc. v. Spinelli, 342 So.2d 829 (Fla. 2d DCA 1977), cert. denied, 354 So.2d 986 (Fla. 1978); Fonda v. City of Mesa, 10 Ariz. App. 111, 456 P.2d 957 (1969); Carr v. Shirland Township, 66 Ill. App.3d 1033, 23 Ill.Dec. 655, 384 N.E.2d 449 (1978); Lytle v. City of Newark, 166 N.J. Super. 191, 399 A.2d 333 (1979).
Any negligence on Dade County's part simply provided the occasion for the actions of Masferrer and Colina, which together were the proximate cause of Mrs. Colina's death. Banat v. Armando, 430 So.2d 503, 505 (Fla. 3d DCA 1983), review denied, 446 So.2d 99 (Fla. 1984). Both Masferrer and Colina could see that the traffic light was not functioning and, by complying with statutory requirements, could have avoided the collision. To hold the county liable on these facts would make it an insurer of motorists acting in disregard of their own safety and that of others. Such a responsibility would be an unwarranted social burden. Finding that reasonable persons could not differ on the proximate cause issue, we reverse the trial court's order denying the county's motion for directed verdict.
Reversed.
NOTES
[1] A city of Miami police officer testified that he had reported the failure of the traffic light at S.W. 16th Avenue and S.W. 6th Street on June 20th at approximately 5:20 p.m. However, Dade County has no record of the report. Additionally, according to standard procedure the county would not respond to such a report because in the vast majority of cases the light begins working again when power is restored.
[2] His stop complied, whether knowingly or not, with section 316.1235, Florida Statutes (1979).

316.1235 Vehicle approaching intersection in which traffic lights are inoperative.  The driver of a vehicle approaching an intersection in which the traffic lights are inoperative shall stop in the manner indicated in s. 316.123 (2) for approaching a stop intersection. In the event that only some of the traffic lights within an intersection are inoperative, the driver of a vehicle approaching an inoperative light shall stop in the above-prescribed manner.
316.123 Vehicle entering stop or yield intersection. 
(1) The right-of-way at an intersection may be indicated by stop signs or yield signs as authorized in s. 316.006.
(2)(a) Except when directed to proceed by a police officer or traffic control signal, every driver of a vehicle approaching a stop intersection indicated by a stop sign shall stop at a clearly marked stop line, but if none, before entering the crosswalk on the near side of the intersection or, if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering the intersection. After having stopped, the driver shall yield the right-of-way to any vehicle which has entered the intersection from another highway or which is approaching so closely on said highway as to constitute an immediate hazard during the time when the driver is moving across or within the intersection.