BASKIN, Judge.
The presence of genuine issues of material fact in the case before us mandates reversal of the summary judgment entered by the trial court on a claim for contribution. Sister Sanchez drove west along Fla-gler Street through an intersection controlled by a traffic signal which was malfunctioning. As she traveled through the intersection, she saw the signal turn directly from green to red, bypassing the intermediate yellow caution light. The signal for traffic traveling north and south remained green. A drunk driver sped through the intersection and collided with Sister Sanchez. The ensuing multi-car collision left two drivers dead and the widow of one of the drivers injured. The injured widow and her husband’s estate sued Sister Sanchez, Our Lady of Divine Providence Catholic Church [Church] (the owner of Sister Sanchez’s vehicle), and others. Sister Sanchez and the Church instituted a third party action against the City of Sweetwater [City] and its insurers for contribution based on the City’s failure to direct traffic during the time the light malfunctioned.[1] A jury found Sister Sanchez 20% negligent, and the court entered judgment in accordance with the verdict. The Church and Sister Sanchez paid their share of the judgment. On motion directed to the claim for contribution, the trial court granted summary judgment in favor of the City and its insurer, ruling in effect that the City’s acts or omissions were not the proximate cause of damages, and that the actions of the drivers constituted intervening causes sufficient to relieve the City of liability.[2] We reverse.
*442 Sister Sanchez and the Church contend that the City’s liability depends on whether the actions of the drivers were foreseeable. They assert that the question of foreseeability is for the jury to decide. We agree.
A negligent actor may be liable for conduct which “ ‘sets in motion’ a chain of events resulting in injuries to the plaintiff.” Gibson v. Avis Rent-A-Car Systems, Inc., 386 So.2d 520, 522 (Fla.1980). If another’s negligent action comes between the original negligent act and the resulting injuries, the original negligent actor is liable when the intervening act is foreseeable. Gibson, 386 So.2d at 522. The foreseeability of an intervening cause is generally a jury question, becoming a question of law for judicial determination only when reasonable people cannot differ as to foreseeability. Gibson; Bennett M. Lifter, Inc. v. Varnado, 480 So.2d 1336, (Fla.3d DCA 1985); Stahl v. Metropolitan Dade County, 438 So.2d 14, 21 (Fla.3d DCA 1983).
In Gibson, the Florida supreme court addressed the issue of whether the trial court erred in finding, as a matter of law, that the last driver to collide in a multi-car accident was an intervening cause sufficient to relieve the original negligent actor of liability. Gibson, 386 So.2d at 522. An intoxicated driver stopped his automobile on a highway for no apparent reason. A second car stopped behind him to direct traffic. A third car halted a few feet behind the second car and was struck by a fourth car. The trial court determined that the actions of the driver of the fourth car were an efficient, intervening cause relieving the original negligent actor of liability. The Gibson court determined that the issue for resolution was whether the intervening cause was foreseeable or “whether the harm that occurred was within the scope of the danger attributable to the defendant’s negligent conduct.” Gibson, 386 So.2d at 522. The supreme court suggested three methods for resolving the issue:
First, the legislature may specify the type of harm for which a tortfeasor is liable. Second, it may be shown that the particular defendant had actual knowledge that the same type of harm has resulted in the past from the same type of negligent conduct. Finally, there is the type of harm that has so frequently resulted from the same type of negligence that “ ‘in the field of human experience’ the same type of result may be expected again.” (Citations omitted; emphasis in original).
Gibson, 386 So.2d at 522-23. Because the third method applied to the Gibson facts, the Florida supreme court determined that the jury should decide whether the negligence of the fourth driver was a foreseeable intervening cause.
Gibson’s reasoning is applicable in this case. Failure to provide a police officer to direct traffic for a malfunctioning traffic light is the type of negligence which “in the field of human experience” may result in the type of harm that occurred here. Nevertheless, reasonable people could differ as to the foreseeability of the occurrence of such an accident. Because reasonable people could differ, the question is not one of law, but of fact for jury determination, warranting reversal of the summary judgment in favor of the City and its insurers.
The City and its insurers rely on Metropolitan Dade County v. Colina, 456 So.2d 1233 (Fla.3d DCA 1984), review denied, 464 So.2d 554 (Fla.1985), to support their contention that, as a matter of law, the negligence of the drivers constituted superseding, intervening causes, relieving the City and its insurers of liability. In Colina, both drivers could see that the signal was malfunctioning. Colina proceeded through the intersection “hoping to beat the oncoming vehicles” even though he was aware that the vehicles might not stop. Colina, 456 So.2d at 1235. Metropolitan Dade County’s negligence in failing to repair the malfunctioning traffic signal merely provided the occasion for the drivers’ actions.
*443 In the case before us, Sister Sanchez testified that she was unaware that the traffic signal was malfunctioning. Therefore, she was unaware when she proceeded through the intersection that drivers coming from other directions also faced a green light.. Sister Sanchez’s testimony, considered with the fact that a police officer was present at the time of the accident but was completing paperwork instead of directing traffic, leads to the conclusion that this case is factually distinguishable from Colina. Sister Sanchez, unlike Coli-na, drove as though the traffic signal were functioning properly. Because reasonable people can differ, then, as to whether the City’s negligence, if any, merely provided the occasion for the accident to occur or whether the City’s actions or omissions set the chain of events in motion, reversal of the summary judgment is required. Questions of fact remain for resolution.
We therefore hold that the trial court erred in ruling, as a matter of law, that the City and its insurers were entitled to summary judgment. The cause is remanded for a jury determination on the issue of whether the drivers’ actions constituted foreseeable, intervening causes, making the City liable for any negligence.
Reversed and remanded.
HUBBART, J., concurs.

. Sister Sanchez and the Church also joined Metropolitan Dade County in the contribution claim. However, Sister Sanchez and the Church do not appeal the trial court’s dismissal of their claim against Metropolitan Dade County.

. Because the City failed to present to the trial court the issue of its sovereign immunity, we will not consider it for the first time on appeal. Dober v. Worrell, 401 So.2d 1322 (Fla.1981); Atwood v. Hendrix, 439 So.2d 973 (Fla. 1st DCA *442 1983). The City may present the issue on remand, if it so chooses.