JORGENSON, Judge,
dissenting.
I respectfully dissent. In my view, Metropolitan Dade County v. Colina, 456 So.2d 1233 (Fla.3d DCA 1984), rev. denied, 464 So.2d 554 (Fla.1985), should be the controlling authority in this case. To hold otherwise makes the municipality an insurer of all motorists who fail to obey the rules of the road. See Colina at 1235. The majority’s reliance on Gibson v. Avis Rent-A-Car System, 386 So.2d 520 (Fla. 1980), is misplaced, and its attempt to distinguish Colina is, in my view, unavailing. Foreseeability is not the only criterion relevant to the issue of whether an intervening event constitutes a superseding cause. “[T]he question of whether to absolve a negligent actor of liability is more a question of responsibility.” Gibson, 386 So.2d at 522. The relevant inquiry is whether a municipality should pay motorists who, due to their inattentiveness, fail to comply with the rules of the road (in this case, stop at a malfunctioning traffic light) and, as a consequence, suffer damages. See generally Vinson, Proximate Cause Should Be Barred from Wandering Outside Negligence Law, 13 Fla.St.U.L.Rev. 215 (1985) (proximate cause consists of a mix of value-neutral cause in fact (who did it) with the policy matter of allocating accident costs (who should pay)). To hold that Sister Sanchez may recover from the City of Sweet-water because she was inattentive (and did not, therefore, notice that the light was malfunctioning) is to advance the absurd.
Even if Colina does not control this case, the theory of liability advanced is fatally defective, and, therefore, the summary judgment should be affirmed on that basis. There is simply no duty on the part of a municipality to provide a police officer to direct traffic when a traffic light malfunctions.
[Tjraffic control is strictly within the police power of the governmental entity. Questioning this function necessarily raises the issue of the government’s proper use of its police power. In Wong v. City of Miami, 237 So.2d 132 (Fla. 1970), it was determined that the city could not be held accountable for how the police force was deployed. By analogy to Wong, the failure to deploy patrolmen to congested intersections to control traffic would not subject a governmental entity to negligence liability.
Department of Transportation v. Neilson, 419 So.2d 1071, 1077 (Fla.1982). A municipality has the complete and unfettered discretion to deploy its police resources when, where, and how it sees fit. Wong v. City of Miami, 237 So.2d 132 (Fla.1970); Ellmer v. City of St. Petersburg, 378 So.2d 825 (Fla.2d DCA 1979). An officer at the scene of an identified problem likewise has the discretion to respond to the problem as his judgment dictates. See Everton v. Willard, 468 So.2d *444 936 (Fla.1985) (decision of an officer not to arrest not actionable). See generally Trianon Park Condominium Association v. City of Hialeah, 468 So.2d 912 (Fla.1985).[1] Thus, an officer’s decision that he must complete a report prior to commencing point control at an intersection is a discretionary act for which a municipality cannot be held liable.
I would affirm the summary judgment.

. These cases were decided subsequent to the trial court’s ruling.