743 P.2d 959

**Isidro VALLES, Plaintiff/Appellant,**

v.

**ARIZONA BOARD OF REGENTS, Defendants/Appellees.**

**No. 2 CA-CV 87-160.**

Court of Appeals of Arizona, Division 2, Department A.

Sept. 10, 1987.

Smith & Curtis by David W. Curtis, Phoenix, for plaintiff/appellant.

Office of the General Counsel, Arizona State University by Mary C. Stevens, Tempe, Robert K. Corbin, Atty. Gen. by A. Glenn Reesing, Phoenix, for defendants/appellees.

OPINION

HATHAWAY, Judge.

This appeal is taken from the trial court's granting of summary judgment in a breach of contract and wrongful discharge

case. In reviewing the granting of summary judgment, we view the facts in the light most favorable to appellant. *Transamerica Insurance Group v. Meere*, 143 Ariz. 351, 694 P.2d 181 (1984).

Appellant was employed by Arizona State University (ASU) in the Office of Student Financial Assistance (the Office). He was a classified staff employee filling a position as Financial Aid Officer II. In June 1981, the United States Department of Education conducted an on-site review of the Office. As a result of this review, ASU was informed that serious administrative and organizational problems existed which required immediate attention and correction. The Department of Education required ASU to make major and immediate changes in its student financial assistance program.

For the 1982/83 academic year, responsibility for the Office was transferred to the Vice-President for Student Affairs, who hired a new director for the Office and requested that he conduct an evaluation and assessment of the organization and operation of the Office. The evaluation recommended extensive reorganization of the Office which resulted, inter alia, in the elimination as of December 31, 1982, of the position of Financial Aid Officer II, affecting appellant and one other employee. The reorganization created positions for three assistants, one director and three Financial Aid Officers I.

Appellant was notified in writing that his position was being eliminated. He was also told he could apply for appointment to one of the new positions. All of the new positions were "contract positions" rather than classified staff positions, and required Board of Regents' approval each fiscal year. Appellant submitted a letter of intent to apply for four of the new positions, but conditioned his application with the requirement that he remain as a classified staff employee. ASU would not accept appellant's condition; however, he was offered a temporary position at ASU through June 30, 1983, with full benefits.

Appellant filed a grievance in January 1983, claiming his "employment contract was breached by termination of employment without cause and without due process." At the completion of the grievance procedure, appellant was informed that the elimination of his position was reasonable and proper. At that time, the offer of continued temporary employment for six months was repeated. The purpose of both offers of temporary employment was to allow appellant the opportunity to locate a full-time position commensurate with his qualifications either within or without ASU. Appellant filed a complaint with the Civil Rights Division of the Attorney General's office alleging that ASU engaged in unlawful employment practices in terminating his employment. The Civil Rights Division issued a "no cause" order and dismissed the charge. Appellant then filed suit, alleging breach of contract and wrongful discharge. The trial court granted appellee's motion for summary judgment, and this appeal followed.

Appellant raises two issues: (1) the trial court erred when it ruled that the ASU Personnel Manual did not give him a contract right to continuing employment ruling that the manual alone resolved his breach of contract claim, and (2) the trial court erred in interpreting the provisions of the manual as creating an employment-at-will relationship. We affirm.

■ The parties agree that the ASU Personnel Manual was part of the employment agreement between ASU and appellant. See *Leikvold v. Valley View Community Hospital*, 141 Ariz. 544, 688 P.2d 170 (1984). Appellant did not have a separate, express contract of employment with ASU. The only "contract" employees are those on the faculty and in management positions who contract with the Board of Regents for employment for a specified period, generally one fiscal year at a time. Appellant was a classified staff employee whose employment at ASU was for an indeterminate period. He was therefore an "at will" employee, "one hired without specific contractual term." *Wagenseller v. Scottsdale Memorial Hospital*, 147 Ariz. 370, 374, 710 P.2d 1025, 1029 (1985). The trial court was correct in ruling that appellant did not have

any contractual rights, apart from those which may have been created by the manual.

■ Appellant contends that, according to the manual, he could only be discharged for job-related cause. Job-related cause is not at issue. ASU was required, as a result of the Department of Education audit, to take immediate remedial measures to correct organizational and managerial deficiencies in the Office. In the new organizational structure, the position occupied by appellant was eliminated and new positions were created. Appellant makes no allegation, nor would the record support one, that there was any ulterior motive behind the elimination of his position. The elimination of the position of Financial Aid Officer II was not a sub rosa maneuver to discharge appellant.

A business decision to eliminate a position has been held sufficient basis to terminate the employee occupying that position. In *Gianaculas v. Trans World Airlines, Inc.*, 761 F.2d 1391 (9th Cir.1985), the employee was terminated when his position, among others, was eliminated during a general reduction in the employer's work force necessitated by economic conditions. The court found that termination under those circumstances was justified. Similarly, in *Clutterham v. Coachmen Industries, Inc.*, 169 Cal.App.3d 1223, 1228, 215 Cal.Rptr. 795, 797 (1985), the court found that "the parent corporation made a business judgment to reorganize ... with the result that appellant's services were no longer needed. This constituted good cause to terminate appellant."

Florida has reached a similar result. In *Telesphere International, Inc. v. Scollin*, 489 So.2d 1152 (Fla.Dist.Ct.App.1986), employer, for sound business reasons, decided to abandon the development of a particular product. As a result, the person hired to market that product was discharged. His employment agreement stated he could be terminated "for cause." The court, in reversing a jury verdict for the employee on his contract claim, stated, "We think it clear that Telesphere's bona fide decision to eliminate the portion of its business for which Scollin was expressly employed constitutes abundant 'cause' for his discharge...." 489 So.2d at 1153. See also *Grayson v. American Airlines, Inc.*, 803 F.2d 1097 (10th Cir.1986). We find that ASU had cause to discharge appellant.

Appellant appears to contend that his "course of dealing" with ASU created a right to discharge only for cause related to his job performance. Appellant has pointed to no evidence, and we have found nothing in the record to support this contention.

ASU provided appellant the opportunity to apply for appointment to one of the new positions. He refused to do so, except on his terms. The other employee whose position was eliminated in the reorganization did apply and was appointed. ASU on two separate occasions offered appellant a temporary, full-time position, with all benefits, to enable him to find another position either at ASU or elsewhere. He declined the offers. The record shows that ASU attempted to accommodate appellant within the constraints of operating the university in the best interests of the students and the public.

Affirmed.

LACAGNINA, C.J., and HOWARD, P.J., concur.