780 P.2d 1376

**Bernard P. GESINA,
Plaintiff/Appellant,**

**v.**

**GENERAL ELECTRIC COMPANY, a
corporation, Defendant/Appellee.**

**No. CA–CV 88–0370.**

Court of Appeals of Arizona,
Division 2, Department A.

July 27, 1989.

See also 162 Ariz. 39, 780 P.2d 1380.

Miller & Pitt, P.C. by Grace McIlvain and
Eugene N. Goldsmith, Tucson, for plain-
tiff/appellant.

Lewis and Roca by John P. Frank, Rich-
ard S. Cohen and Gayla L. Moss, Phoenix,
for defendant/appellee.

## OPINION

HOWARD, Judge.

This is an appeal from the granting of a
summary judgment. Appellant (Gesina)
filed a multi-count complaint against appel-

lee (G.E.) based on an alleged wrongful discharge. We are concerned here only with counts two and three of Gesina's amended complaint which alleged improper, wrongful and bad faith discharge from his position at G.E.'s Tucson Instrumentation and Communication Equipment Service Shop (Instrumentation Service Shop). The disposition and status of the other counts are not relevant here and the trial court's disposition of counts two and three effectively terminated the action.

## I. FACTS

We consider the facts in the light most favorable to Gesina. See *Ontiveros v. Borak,* 136 Ariz. 500, 667 P.2d 200 (1983). Gesina was first employed by G.E. in February 1948. On October 29, 1973, he was transferred to Tucson to work in G.E.'s Apparatus Service Shop. In 1976, Gesina's superiors asked him to transfer to the Instrumentation Service Shop. He hesitated to do so because the Apparatus Service Shop had union representation whereas the Instrumentation Service Shop did not. However, he agreed to the transfer when his superiors promised him that he would have a job with G.E. so long as his work was competent.

In December 1982 Gesina, who was 53 years old, was laid off due to alleged economic conditions.[1] A letter from G.E. to Gesina informed him that suitable employment might not be available with the company and that he should concurrently look for opportunities outside the company.

At the time of the layoff three technicians were in the Instrumentation Service Shop. Gesina did electrical work, Ludtke did electronic work and Miller worked in data communication.

## II. CONTENTIONS OF THE PARTIES

Gesina contends the trial court erred in granting summary judgment because there is a genuine factual dispute as to whether (1) he had a binding oral contract with the company for lifetime employment as long as his work was satisfactory, (2) the company violated its own handbook provisions by failing to recognize his seniority, and (3) the company unlawfully discriminated against him based on his age.

G.E. contends (1) there was no enforceable contract between the parties due to lack of consideration, (2) it did not violate the handbook provisions, and (3) there was no evidence of age discrimination and, in any event, the law relative to age discrimination is inapplicable because Gesina was laid off and not discharged.

## III. DISCUSSION

### A. *Principles of Summary Judgment*

We repeat the well-known principles of summary judgment which are applicable here. Two prerequisites must be met before summary judgment is appropriate: first, the record before the trial court must show that there is no genuine dispute as to any material fact and that only one inference can be drawn from the undisputed material facts, and second, based upon the undisputed material facts, the moving party must be entitled to judgment as a matter of law. *Dutch Inns of America, Inc. v. Horizon Corporation,* 18 Ariz.App. 116, 500 P.2d 901 (1972). Summary judgment should not be granted where there is the slightest doubt as to the facts. *Biondo v. General Motors, Corp.,* 5 Ariz.App. 286, 425 P.2d 856 (1967).

On motion for summary judgment the court must view the facts and evidence in the light most favorable to the party opposing the motion for summary judgment and give the opposing party benefit of all inferences that may be drawn from the evidence. *Fonda v. City of Mesa,* 10 Ariz. App. 111, 456 P.2d 957 (1969). With the foregoing principles in mind, we proceed with the substantive issues.

### B. *The Existence of the Oral Contract*

■ The general rule is that in the absence of additional express or implied stipu-

---

1. At the time of the motion for summary judgment, Gesina had been recalled by G.E. and was working in the same facility.

lations as to duration, where the employee furnishes no consideration in addition to the services incidental to his employment, a contract for lifetime employment amounts to an indefinite general hiring terminable at will by either party. See *Savarese v. Pyrene Manufacturing, Co.*, 9 N.J. 595, 89 A.2d 237 (1952). And see Annot. 60 A.L.R.3d 226, § 3 (1974). However, where, as here, the employee gives up his security of union representation to work in a non-union shop only after he has been assured lifetime employment, the employee, in giving up this valuable security with the knowledge of the employer, furnishes consideration sufficient to support the promise of lifetime employment. Cf. *Millsap v. National Funding Corporation of California*, 57 Cal.App.2d 772, 135 P.2d 407 (1943) and see also *Collins v. Parsons College*, 203 N.W.2d 594 (Iowa 1973).

■ We do not agree with Gesina's contention that this oral contract with G.E. was terminable only if his work was incompetent. Where the prospective employee inquires about job security and is insured that he will be employed as long as he does the work a fair construction is that the employer has given up his right to discharge at will and can only discharge for cause. *Ohanian v. Avis Rent A Car System, Inc.*, 779 F.2d 101 (2nd Cir.1985); [2] *Shebar v. Sanyo Business Systems*, 111 N.J. 276, 544 A.2d 377 (1988); *Toussaint v. Blue Cross & Blue Shield of Michigan*, 408 Mich. 579, 292 N.W.2d 880 (1980); *Weiner v. McGraw–Hill, Inc.*, 57 N.Y.2d 458, 457 N.Y.S.2d 193, 443 N.E.2d 441 (1982). See also cases in Annot. 60 A.L.R.3d 325–27 (1974).

### C. *Cause for Discharge*

■ Gesina contends that the cause justifying a discharge must be job-related. We do not agree. A bona fide decision based on sound economic reasons can constitute cause for discharge. See *Valles v. Arizona Board of Regents*, 154 Ariz. 450, 743 P.2d 959 (1987). See also *Parker v.*

*Diamond Crystal Salt Co.*, 683 F.Supp. 168 (W.D.Mich.1988). There is still an unresolved question on this issue. Gesina claims he can do Ludtke's job. We believe that in the case of a reduction in force due to economic reasons, as between two persons of equal ability, the one who has a lifetime contract is to be preferred for retention over the one who does not.

### D. *The Handbook*

■ G.E. concedes that its employee handbook was part of Gesina's employment contract. It contained the following provision:

> Layoffs or transfers due to lack of work will be made in accordance with total length of continuous service within affected job classifications, for example, (1) Instrument Technician A, or (2) Instrument Technician B, etc.; however, ability will be given consideration. In cases where the total length of continuous service and ability are approximately the same, the employee with the least amount of continuous service will be selected for the layoff or transfer, provided the remaining employees can perform the available work.

Under the above provision G.E. can choose to retain an employee with less continuous service if his abilities are greater than those of the senior employees. That is what G.E. claims was done here. Gesina disputes that his abilities were less than those of the other two in the shop and this conflict precludes summary judgment.

### E. *Age Discrimination*

■ G.E. contends that Gesina was laid off and not discharged. Since he was not discharged, G.E. argues there is no basis for the claim of wrongful discharge because of age discrimination. This fatally flawed argument is the result of a misreading of two cases upon which G.E. relies: *Nork v. Fetter Printing Co.*, 738 S.W.2d 824 (Ky.App.1987) and *Linn v. Beneficial Commercial Corp.*, 226 N.J.Super. 74, 543

---

**2.** In this case the promise was for permanent work unless the employee "... screwed up badly." The trial court instructed the jury that the employer could not fire the employee except for just cause and the appellate court affirmed the judgment.

A.2d 954 (1988). All that these two cases stand for is that an action for *wrongful discharge* does not lie for one whose loss of work results from elimination of a job itself due to legitimate economic or business reasons· and not as a bad faith pretext to terminate the worker.

Gesina's claim for wrongful discharge based on age discrimination does not rest on the violation of any state or federal civil rights statutes. An employee's right not to be discharged on the basis of age is a common law right based upon public policy and is independent of any rights accruing under either state or federal civil rights statutes. *Bernstein v. Aetna Life and Casualty*, 843 F.2d 359 (9th Cir.1988).

Although no federal statutes are involved in this case, we believe that federal cases interpreting the Age Discrimination Employment Act of 1967 (ADEA) §§ 2–17, as amended, 29 U.S.C.A. §§ 621–634, are instructive. The general rule is that in order to state a prima facie case of age discrimination under the ADEA the plaintiff must show that he or she (1) belongs to the protected class; (2) was qualified for his or her position; (3) was terminated, and (4) was replaced by a younger person. *Metz v. Transit Mix, Inc.*, 828 F.2d 1202 (7th Cir.1987). After the plaintiff has established a prima facie case, the defendant employer then has the burden of presenting evidence that the plaintiff's discharge was the result of some legitimate, nondiscriminatory reason. If the defendant meets this burden of production, the burden shifts to the plaintiff to prove that the reasons proffered by the employer for the discharge were merely a pretext for discrimination. *Metz v. Transit Mix, Inc.*, supra.

In cases where there is a reduction in force the above rule is patently inappropriate. In such cases the plaintiff need not show that he was replaced by a younger employee but must, in addition to the first three prongs of the *Metz* test, produce evidence, circumstantial or direct, from which the factfinder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue. *Mauter*

*v. Hardy Corp.*, 825 F.2d 1554 (11th Cir. 1987), and see also *LaGrant v. Gulf & Western Manufacturing Company, Inc.*, 748 F.2d 1087 (6th Cir.1984); *Holley v. Sanyo Mfg. Inc.*, 771 F.2d 1161 (8th Cir. 1985).

Gesina bases his case on his affidavit which stated that he was making more money and had more benefits than the other two techinicians and his claim that he could do the work that Ludtke was doing. (Gesina makes no claim that he could do the work Miller was doing.) In *Metz v. Transit Mix, Inc.*, supra, the court held that pay as a proxy for age may be used when the facts support such an inference. Such evidence was *lacking here*. Gesina's affidavit, which was objected to in the trial court, was conclusory, unsupported by any avowals establishing that he had any knowledge of the other employee's pay rates or benefits, and incompetent as evidence. See *Burrington v. Gila County*, 159 Ariz. 320, 767 P.2d 43 (App.1988).

Nor were Gesina's subjective determinations that he could do Ludtke's job sufficient. As was stated by the court in *La-Grant v. Gulf & Western Manufacturing Company, Inc.*, supra, at 1090–91, (in affirming a summary judgment in favor of the employer):

> ... The mere termination of a competent employee when an employer is making cutbacks due to economic necessity is insufficient to establish a prima facie case of age discrimination. [citations omitted]
>
> The plaintiff in such ... cases must come forward with additional direct, circumstantial, or statistical evidence that age was a factor in his termination in order to establish a prima facie case. [citation omitted] LaGrant has not succeeded in this regard. He has come forward with nothing, other than his subjective determination that he was better qualified than Walatkiewicz, to indicate that age played a role in Gulf & Western's decision to terminate him ...

Gesina has failed to present a prima facie case of age discrimination.

## CONCLUSION

The court did not err in granting summary judgment on the age discrimination claim. However there remain genuine issues of disputed fact on the contract claims which preclude the granting of summary judgment. Appellant is entitled to his attorney's fees on appeal which will be awarded upon his compliance with Rule 21(c), Rules of Civil Appellate Procedure, 17B A.R.S.

Affirmed in part, reversed and remanded in part.

LIVERMORE, P.J., and
HATHAWAY, J., concur.