967 F.2d 585
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Denise DEWEY, Plaintiff-Appellant,
v.
WYLE LABORATORIES, INC., a California Corporation,
Defendant-Appellee.
Denise DEWEY, Plaintiff-Appellee,
v.
WYLE LABORATORIES, INC., a California Corporation,
Defendant-Appellant.
 Nos. 90-16814, 90-15053.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1992.*
Decided June 16, 1992.
 
 Before JAMES R. BROWNING, PREGERSON and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 * We affirm the district court's summary judgment for Wyle on the fraud claim. In support of its motion for summary judgment, Wyle presented deposition testimony from its executives that Dewey was hired with the intent she hold the management position and that the reorganization was not planned until after Dewey was hired. In opposition, Dewey presented only speculation that Wyle's witnesses were lying. She offered no facts to support her claim of fraud.
 
 
 3
 A party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.' " Id. at 587 (citation omitted). The district court did not err in granting summary judgment.
 
 II
 
 4
 The district court did not err in directing a verdict for Wyle on the breach of contract claim. Because the parties did not agree that Dewey would be employed for a definite length of time, her employment is presumed to have been terminable at will. See Wagenseller v. Scottsdale Memorial Hosp., 710 P.2d 1025, 1036 (Ariz.1985). Dewey did not rebut this presumption because she did not offer evidence that Wyle represented that she would not be an at-will employee.
 
 
 5
 Nor does the presence of "additional consideration" indicate the parties did not contemplate an at-will employment relationship. Although Dewey left another job to work at Wyle, was an excellent employee, and had extensive client contacts, she was never promised that she would not be an at-will employee at Wyle. Further, she did not dispute she was an at-will employee at the job she left or that other Wyle managers were at-will employees. Cf. Gesina v. General Elec. Co., 780 P.2d 1376, 1377-78 (Ariz.App.1989) (plaintiff gave up the security of job covered by union representation only after being promised he would have a job as long as his work was competent). Dewey was promised a six-month salary guarantee, and this promise was kept.
 
 
 6
 The implied-in-law covenant of good faith and fair dealing is not breached when an at-will employee is terminated. See Wagenseller, 710 P.2d at 1041 ("[W]e reject the argument that a no cause termination breaches the implied covenant of good faith and fair dealing in an employment-at-will relationship."). Because an at-will employee may be terminated without breaching the covenant, the employee may also be demoted.
 
 
 7
 A directed verdict was proper because the evidence, viewed in the light most favorable to Dewey, permitted only one reasonable conclusion: termination of the management position did not breach Wyle's contract with her. See Redman v. County of San Diego, 942 F.2d 1435, 1439 (9th Cir.1991) (en banc).
 
 III
 
 8
 Wyle cross-appeals the denial of its motion for attorney fees. In deciding whether to award attorney fees under Ariz.Rev.Stat. § 12-341.01(A), the trial court should consider the six factors set forth in Associated Indemnity Corporation v. Warner, 694 P.2d 1181, 1183 (Ariz.1985). See Wagenseller, 710 P.2d at 1049 (supplemental opinion). The district court received briefing on these factors before denying the request for fees. Because "there exists a reasonable basis in the record upon which the trial judge could have denied attorney's fees," Warner, 694 P.2d at 1185, we affirm the denial as within the trial court's discretion.
 
 
 9
 Both sides request attorney fees on appeal pursuant to section 12-341.01(A). We have considered the factors to be weighed in determining whether to make such an award, see Wagenseller, 710 P.2d at 1049, and conclude that no award is appropriate. Each side prevailed in part on appeal.
 
 
 10
 AFFIRMED. Each side shall bear its own costs on appeal.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3