616 So.2d 59 (1993)
METROPOLITAN DADE COUNTY, Petitioner/Appellant,
v.
Kelly TRIBBLE, as Personal Representative of Angelina Tribble, deceased, et al., Respondents/Appellees.
Nos. 90-2536, 91-2037 and 91-2059.
District Court of Appeal of Florida, Third District.
February 9, 1993.
Rehearing Denied May 4, 1993.
Robert A. Ginsburg, County Atty., and Eric K. Gressman and James J. Allen, Asst. County Attys., for petitioner/appellant.
Harold Long, Jr., Kubicki, Draper, Gallagher & McGrane and Manuel A. Mesa, Miami, for respondents/appellees.
Before SCHWARTZ, C.J., and NESBITT and GERSTEN, JJ.
NESBITT, Judge.
Plaintiff, Kelly Tribble, as personal representative of Angelina Tribble, deceased, filed an amended complaint alleging the county failed to properly maintain an intersection traffic light, at which the van the decedent was riding in was struck by a taxi cab. The traffic device malfunctioned because it is undisputed that the red light bulb on the device was burned out in the direction from which the taxi approached the device. The cab driver admitted that he was aware of the intersection and testified he knew of the proper procedure to follow when confronted with a malfunctioning traffic signal. He testified that he nonetheless proceeded into the intersection because he had the green light. His testimony was buttressed by one eyewitness. The driver of the van in which the child was riding testified that he had the green *60 light and that the taxi went through the intersection in what could have been the red phase of the traffic device. That testimony was buttressed by an eyewitness.
At the close of the plaintiff's case in chief, the county moved for a directed verdict on the basis that, as a matter of law, the cab driver's interdiction at the intersection constituted a superseding intervening cause of the accident exculpating the county from responsibility. In the alternative, the county argued that the van had illegally crossed the intersection, and the same result of no liability on the county's part should obtain. We observe, under section 316.123, Florida Statutes (1991), that when a traffic signal is energized and fully functioning, it forms the basis for a motorist either proceeding or yielding in the intersection. In the alternative, however, when the traffic device malfunctions, the practical effect is for some or all of the motorists to treat the intersection as a four-way stop.
In Metropolitan Dade County v. Colina, 456 So.2d 1233 (Fla. 3d DCA 1984), we determined that under parallel conditions the county was exculpated from liability. Although there is a superficial factual distinction between this case and Colina, they are actually quite close. It is undisputed that the burned out red light bulb in the traffic device was clearly visible. As a consequence, the cab driver had to treat the intersection as though it were regulated by a four-way stop sign. Thus, the jury's finding places the cab driver in the position of having disobeyed the traffic signals in derogation of his own personal safety and that of the motoring public. Consequently, his actions constituted a separate and unusual action rendering it a superseding and intervening cause of the accident.
For the foregoing reasons, the adverse judgment against the county and in favor of the claimant is reversed with directions.
Reversed and remanded.