624 So.2d 298 (1993)
Taylor SCHMELZ, et al., Appellants,
v.
The SHERIFF OF MONROE COUNTY, Appellee.
No. 93-553.
District Court of Appeal of Florida, Third District.
August 17, 1993.
Rehearing Denied October 25, 1993.
Jack L. Herskowitz, Miami, Chonin & Sher, Coral Gables, for appellants.
Parker, Skelding, Labasky & Corry, Tallahassee, for appellee.
Before NESBITT, BASKIN and FERGUSON, JJ.
PER CURIAM.
This is an appeal from final summary judgment which determined that appellant's attempted suicide while incarcerated constituted an independent, intervening and unforeseeable cause of his injuries for which defendant is not liable. Guice v. Enfinger, 389 So.2d 270 (Fla. 1st DCA 1980). We find the instant facts distinguishable from those in Guice and reverse the order under review.
Causal connection between a person's negligence and an injury is broken by the intervention of a new, independent, and efficient intervening cause such that the negligence is not actionable, subject to the qualification that if an intervening cause was foreseen or reasonably might have been foreseen by the wrongdoer, his negligence may be considered the proximate cause of an injury. Thus, he may be held liable, notwithstanding the intervening cause. In such case, the intervention of the independent intervening cause does not break causal connection if the intervention was itself foreseeable. Pinkerton-Hays Lumber Co. v. Pope, 127 So.2d 441 (Fla. 1961); Savarese v. Hill, 128 So.2d 775 (Fla. 3d DCA 1961).
In Guice, a prisoner who was to bond out of jail the following morning took ill and was put in the prison's sick bay where he hung himself with his own belt which sheriff employees had failed to remove. The first district concluded that there were no facts indicating that any officer was or should have been suspicious of suicidal tendencies in the inmate and that therefore, the suicide was not sufficiently foreseeable to impose upon the sheriff's employees a duty to remove the *299 belt. The prisoner's own actions were the intervening superceding cause of his death.
In the instant case, the trial court observed, and it is uncontroverted in the record, that prior to his attempted suicide Schmelz had never either threatened, attempted, or even talked about suicide. However, there was also evidence that the booking officer knew Schmelz from previous incarcerations and immediately observed him as subdued and depressed. She stated she felt "he might try to do something." She placed Schmelz on a suicide watch, which consisted of checking the prisoner every fifteen minutes and not leaving the cell area. The watch officer observed that after a deputy spoke to Schmelz about the felony charge against him, Schmelz appeared "real flustered," nervous, and worried. At that point, that officer became concerned and shortened his watch to less than fifteen-minute intervals. Nonetheless, in violation of watch procedure, the watch officer left the cell area when requested to relieve a dispatcher, whereupon, minutes later, Schmelz attempted to hang himself, failed, but suffered severe brain damage.
The question of whether an intervening cause is foreseeable is for the trier of fact. Gibson v. Avis Rent-A-Car Syst., Inc., 386 So.2d 520 (Fla. 1980). Confronted with conflicting evidence as to the foreseeability of Schmelz' actions, it was for a trier of fact to determine whether Schmelz' own actions constituted the unforeseeable intervening cause of his injuries.
Accordingly, the summary judgment under review is reversed and the case is remanded.