730 So.2d 288 (1998)
Roderick D. CLARK, Appellant,
v.
L. & A. CONTRACTING COMPANY, Appellee.
No. 98-338.
District Court of Appeal of Florida, Third District.
December 9, 1998.
Rehearing Denied April 14, 1999.
Cone & Cone, West Palm Beach; Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin and Joel S. Perwin, Miami, for Appellant.
Merritt, Sikes & Leach, Miami, for Appellee.
BEFORE: NESBITT, GODERICH, and SHEVIN, JJ.
PER CURIAM.
Affirmed. See Metropolitan Dade County v. Colina, 456 So.2d 1233 (Fla. 3d DCA 1984).
NESBITT and GODERICH, JJ., concur.
SHEVIN, J. (dissenting).
I respectfully dissent. I would reverse the summary judgment.
Mr. Clark was injured in a car accident in an I-95 construction area. L & A Contracting Company, the general contractor on the I-95 road-widening project, eliminated the normal entrance lane and replaced it with a temporary on-ramp that ended at an intersection with I-95. As a result, there was no acceleration/merge lane, and there were no signs warning motorists that the merge lane had been eliminated. The accident ensued when a car driven by Mr. Bermudez rearended a car on the on-ramp causing that car to careen across the road and collide with the van in which Mr. Clark was a passenger.
Mr. Clark filed an action against L & A and others, alleging that L & A negligently created an unreasonably dangerous condition at the on-ramp by eliminating the merge lane and failing to warn motorists of the elimination of the lane. L & A's summary judgment motion asserts that the accident was caused solely by the subsequent intervening negligence of others including Mr. Bermudez. In opposition to the motion, Mr. Clark submitted expert testimony that in the absence of an acceleration lane rear-end collisions on the on-ramp were a foreseeable result of the improper ramp configuration and the lack of proper warning signs.
I disagree with the majority's apparent conclusion that Mr. Bermudez's action constituted "the active and efficient intervening cause" of the accident. Gibson v. Avis Rent-A-Car Sys., Inc., 386 So.2d 520, 522 (Fla. 1980). Where as here, "an intervening cause was foreseen or reasonably might have been foreseen by the wrongdoer, his negligence may be considered the proximate cause of an injury.... In such case, the intervention of the independent intervening cause does not break the causal connection if the intervention itself was foreseeable." Schmelz v. Sheriff of Monroe County, 624 So.2d 298, 298 *289 (Fla. 3d DCA 1993), review denied, 634 So.2d 627 (Fla.1994).
The majority's reliance on Metropolitan Dade County v. Colina, 456 So.2d 1233 (Fla. 3d DCA 1984), review denied, 464 So.2d 554 (Fla.1985), is misplaced. Unlike Colina, the record in this case does not demonstrate as a matter of law that the drivers were acting in disregard of their own safety and that of others. The plaintiff-driver in Colina observed the nonfunctioning traffic light, appreciated the danger, and stopped his car. That action broke the chain of causation. After stopping, he proceeded to attempt to cross the intersection when it was not reasonably safe to do so. In the case before us, there were no adequate warning signs which would alert a driver to the hazardous condition attending the ramp traffic. In the absence of a DOT-mandated warning sign or a no-acceleration lane warning sign, Mr. Bermudez did not appreciate the danger caused by the ramp configuration: the cars on the ramp would come to a complete stop. Because there is no other event here which would break the chain of causation, L & A is not relieved of liability as a matter of law. As stated in Palm Beach County Bd. of County Comm'rs v. Salas, 511 So.2d 544 (Fla.1987),
[defendant] could have easily foreseen that [its actions left] motorists with no guidance [and, thus] personal injury to someone was not a remote possibility. [The driver's] actions were not so unforeseeable that [defendant] should be relieved, as a matter of law and policy, of all liability.... The fact that [the driver] was negligent ... does not render her action so bizarre, unusual or outside the realm of the reasonably foreseeable that [defendant's] actions did not also proximately cause [plaintiff's] injuries.
Salas, 511 So.2d at 547. As the record before the court reveals disputed issues of fact as to proximate causation and the foreseeability of Mr. Bermudez' asserted intervening negligence, summary judgment is inappropriate. See Springtree Properties, Inc. v. Hammond, 692 So.2d 164 (Fla.1997); McCain v. Florida Power Corp., 593 So.2d 500 (Fla.1992); Salas; McDonald v. Florida Dep't of Transp., 655 So.2d 1164 (Fla. 4th DCA 1995); Schmelz; State Dep't of Transp. v. Brown, 497 So.2d 678 (Fla. 4th DCA 1986), review denied, 504 So.2d 766 (Fla.1987).
Based on the foregoing, I would reverse the summary judgment and remand for trial.